Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This case'is brought here by! writ of error from the Circuit Court for Washington county,1 in the District of Columbia. The suit was originally brought in Alexandria county by the 'defendant in error, against the plaintiff $ and upon the motion of the former was removed to Washington county under Jhe provisions of the act of June 24, 1812, § 3. The points raised in the argument make it proper to state the pleadings more fully than is usually necessary.
 

 It was an action of trespass for breaking and entering the plaintiff’s ■. close, situate in the county of Alexandria. The suit was brought • in July, 1839. The declaration contained but one count, in the-usual form, stating the trespass to have been committed on divers days and times between the 1st. of January, 1835, and the commencement of the suit.
 

 . The defendant pleaded, —first, not guilty ; second, the statute of limitations; and third; that the canal company entered under the authority of the dct of Congress, for the purpose of making the canal; and that it is ready to satisfy any damages to which the plaintiff is entitled, when they shall be ascertained in the mode pointed out in the act of incorporation.
 

 After these pleas were put in, ánd before any replication, was Bled or issue joined, the cause .was removed to die Circuit Court for the county of Washington, by an order passed on the 12th of November, 1841, upon-- the motion .of the defendant in error. The case was continued in that court without any alteration in the pleadings until November1 term, 1842, when an amended declaration was filed. This declaration consisted of a single count, and differed from the original one only in undertaking to set oht the abuttals of the close in which the trespass was alleged to have been committed. The defendant in the Circuit Court pleaded not guilty to this declaration, upon which issue was joined and a jury sworn; but before a verdict was rendered a juror was withdrawn by consent, and upon the motion of the parties by their attorneys the matter in variance between, them was by a rule1 of Court referred to four arbitrators named in the order of reference. The reference was made upon certain terms specified in a written agreement filed in the casé, setting forth the manner in which the arbitrators were to be selected and the damages calculated, with power to the referees to choose an umpire, if they or a majority of them could not agree.
 

 
 *87
 
 The arbitrators, before they entered upon an examination of the case, appointed an umpire, who afterwards made his award, and thereby awarded that the defendant (in the District Court) should pay to the plaintiff the sum of six thousand nine hundred and sixty eight dollars and seventy five cents, in full satisfaction of all the matters of damage and value submitted to his umpirage. This .award was filet] September 21, 1843, and notice of it regularly served on the plaintiff in error; and thereupon a judgment was entered for the amount awarded on the 17th of January, 1844. It is upon this judgment that the present writ of error is brought.
 

 It appears from the record that no objection was taken to the award in the Circuit Court, nor any affidavits filed to impeach it. Several depositions were filed by the defendant in error, which are not material to this decisipn, except in one particular, which will be hereafter noticed, on account of an objection to the award founded upon it.
 

 The reference to arbitrators and the proceedings thereon, and the judgment given by the court below, were all under and intended to be pursuant to the acts of-assembly of Maryland of 1788, ch. 21, §. 9, and 1785, ch. 30, §.11. It is admitted that these proceedings were not authorized by the laws in force in Alexandria county ; And it is objected by the plaintiff in error that, inasmuch as no judgment could have been lawfully rendered upon these proceedings in Alexandria county, no judgment ought to have been rendered upon them in-Washington ; that the removal of a case under the laws of Congress is a mere change of
 
 venire ;
 
 and íhat the rights of. the parties are still to be tried according to the laws and modes of proceeding recognized and established in* the Circuit Court for the county in which the suit was. originally instituted.
 

 Undoubtedly, whatever rights the canal company had in Alexandria county, and whatever defences it might there have made, either as to the form of the action or upon any other ground, it might still rely upon them in the new
 
 forum ;
 
 and whatever would have been a bar to. the action in Alexandria county would be equally a bar in Washington. The question here, however, is not upon the rights of the respective parties, but upon the mode of proceeding by which they were determined ; and this must evidently be regulated by the law of the court to Which the suit was transferred. For after the removal took place the action, according to the act of Congress, was pending in Washington county, tc be there prosecuted and tried, and the judgment of that court to be carried into execution. And as the act neither directs nor authorizes any change in its practice or proceedings in removed cases; it follows that they must.be prosecuted and tried like other actions in that'court, and coujKknot lawfully be prosecuted and tried in any other manner. In impanelling a jury, for example, for. the trial of the facts, it could nof put aside the jurors, required' by law to attend that court, and
 
 *88
 
 direct a panel of twelve to be summoned for the particular case, pursuant to the law of Virginia. Nor could it deny to either party the right to strike off four names from the list of twenty, according to the law of Washington county, although the rule is otherwise in the county of Alexandria. And upon the same principles the selection of arbitrators, the proceedings before them, and the legal effect of their award, could be no more influenced by the law upon that subject, on the other side of the Potomac, than the summoning, striking, and impanelling of a jury.. The validity of the reference, therefore, arid of. the proceedings and judgment upon it, must depend upon the law of Maryland and not; upon the law of Virginia. And if the judgment given by the Circuit Court was authorized by the former, it cannot be impeached upon the ground that such proceedings would not have been’ lawful in Alexandria county.
 

 Trying the case upon these principles, it is very clear that as no objection was taken to the award in the Circuit Court, the judgment upon it was correct and iriust be affirmed in this court, unless some substantial objection appears on the face of the proceedings or in the award itself.
 

 It has been urged, however, that it is apparent, bn the face of the proceedings, that the arbitrators committed a mistake in the law ; that the record shows the acts cdipplained of to have been done in execution of the power conferred on the company to construct a canal; and that under the act of Congress, they had a right to enter upon any land they deemed necessary for that purpose, leaving the damages, to be afterwards ascertained in the mode pointed out .by the law ; and that consequently an action of trespafs will not lie.
 

 But it is very clear that this question of law was not before the referees or the court; nor was it in any way involved • in the decision of either. For if the plaintiff in error could have justified the entry upon the ground suggested, the' justification ought to have been pleaded. Arid as this was nofi done, the question as to the legal sufficiency of this defence was not referred to the arbitrators nor decided upon by their award.
 

 It is said, however, that it was pleaded. • This is true as relates to the pleadings filed to the original declaration. But an amended declaration was subsequently filed, and to this the plaintiff in error pleaded anew. ‘ The amended; declaration was not an additional count to the former one, but was itself the entire declaration substituted for the former. And it was evidently so regarded by all parties at the-time. For the plaintiff in error renewed his plea of not guilty, which, he had put into the ^former orie, — omitting, however, his former pleas of Imitation and justification ; and' these two must have been understood to be waived,, for there was no replication to either of them, nor any issue joined upon them, formal or informal. The questions, therefore, which woffff have arisen on these pleas,
 
 *89
 
 were not in issue, — were not referred by the written agreement, — and consequently could not have been considered, or decided by the arbitrators.
 

 Neither can the objection be maintained winch has been taken to the power of the company under its charter to refer such a question of damage. The corporation was a. party to the action1 in court,- and it might lawfully, take any step that an individual might take, under like circumstances, to bring it to final judgment;' And a trial by arbitrators, appointed by the court with the consent of both parties, is one of the modes of prosecuting a suit to judgment as well established and as fully warranted by law as a trial by jury.
 

 But independently of this principle and of the pendency of a suit, the ■thirteenth section of the act of Congress authorizes the canal company to. agree to a reference. • It provides that the president and directors may agree with the proprietor, for the purchase, or for ■ the use and occupation of the land for temporary purposes ; and it does not confine the power to an agreement specifying a particular " sum of money. On the contrary, it authorizes an-agreement in general .terms, : And' if the company agree to pay such sum ás arbitrators may award, this agreement is as clearly within the words and intention of the lajv as if 3 specific súm had been fixed upon by the ■parties. We therefore’ see no objection'to the-reference in this case, nor to the agreementbywhich.it was.made..
 

 We do not think it necessary to inquire whether the power to direct the proceedings in the suit and assent to the reference belonged to the president and directors, or to the stockholders assembled. in general meeting. ’ The corporation, however governed in this particular, was the party, deféndant in court, and was represented by its counsel; and his acts are presumed tó be authorized by the party in conducting the. suit. This has long been the settled law of Maryland, which is the law of Washington county.
 

 It is'true that in this case- the agreement for the reference is. signed by the, coilnse). who had appeared for the canal company iii Alexandria, but who did not appear on the record in the Circuit -Court for Washington. Yet-the attorney who- did appear, joined in the motion for the reference, received notice of the award after it. was returned, and made- nd objection to the authority under which the arbitrators had been appointed.. It is too late to make it here, even if it would have-been available, in the Circuit Court.. But as the attorney ón the. record must have united in the motion for the reference, it is'- very clear that the .'objection would have been untenable there, as well as here.
 

 We see nothing, therefore,. in the pleadings or proceeuings anterior to the order of reference, which can impeach the correctness, of the judgment in the court, below. It remains only to examine whether there, is any thing liable to objection in the-proceedings of the referees or in the award returned by the umpire.
 

 
 *90
 
 The authority of the umpire has been objected to, because it appears, by the affidavits filed by the defendant in error, that he waa appointed before the referees had heard the evidence and disr covéred that they could not agree. But whatever doubts may have been once entertained upon this question, it is now well settled both upon principle and authority that the appointment is good. And indeed it has been said by this court that it is more expedient to appoint the umpire in the first instance, as was done here, than to wait until the evidence was all heard and the arbitrators had finally differed. 8 Peters, 178.
 

 The umpire, therefore, being regularly appointed, the remaining question is upon the sufficiency of his award. There was no.dispute as. to the title" to the land, and upon the issue joined in the case.;, therefore, the only matter in controversy was, whether the acts complained of- had been committed, and if they had, what damage was the defendant in error entitled to recover, This was the onlymat-ter' in variance referred. The written agreement filed by the parties states the principles upon which they mutually agreed that the amount of damages should be calculated ; and the award of the umpire ascertains and awards the amount upon the principles mentioned in the agreement. His award is'Upon the subject-matter referred. It covers the whole controversy submitted to. him, and nothing more; and upon that it is certain and final.
 

 There is indeed in the written agreement for the reference a clause which provides that, upon the payment - for the damages awarded,-the defendant in error should convey to the company the land selected for permanént occupation; and the umpire has taken no notice of this agreement to convey. We think he very properly omitted to noticé it, for it was not put in issue by the pleadings, nor proposed to be referred in the argument filed. On the contrary, the duty of the' arbitrators was limited to the question of damage* - The' value of this land was indeed one of the items they were required to consider in calculating the amount of damage ; but they had no power to award-how or when it should be conveyed. Nor., does the fight of the canal company to the conveyance depend in any degree upon the award or direction of the arbitrators concerning it. Their right is absolute by the agreement, upon the payment of the damages, awarded; and the conveyance may be enforced like any other right acquired by contract.
 

 Upon the whole, we are of ppinion that there.is no error in the judgment of the Circuí'. Court; and it must therefore be affirmed, with costs.
 

 Order.
 

 This cause carné on to be heard, on the transcript of the record from the Circuit Court of; the United States for the District of Columbia, holden in and for the county of' Washington, and was
 
 *91
 
 argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said Circuit Court in this cause be and the same is hereby affirmed, with costs nnd damages at the rate of six per cent per annum.