[L. A. No. 3929. In Bank.—July 18, 1917.]

JOHN R. AVERY, Respondent, v. CHUCAWALLA DE-VELOPMENT COMPANY (a Corporation), et al., Appellants.

CORPORATIONS—JOINDER OF ACTIONS—STOCKHOLDER'S LIABILITY—ACTION AGAINST CORPORATION.—Action against stockholders on their statutory liability is properly joined with action against the corporation upon its indebtedness.

PLEADINGS—ADMISSIONS IN COMPLAINT.—Admissions in the complaint of payments which might have reduced the indebtedness cannot be used against the findings and judgment to show that the amount of the judgment is too large, when the whole matter of the indebtedness is in issue by the defendant's denial of any indebtedness.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, Shirley E. Meserve, and J. D. Taggart, for Appellants.

Flint, Gray & Barker, and Henry S. Van Dyke, for Respondent.

HENSHAW, J.—This appeal is on the judgment-roll without bill of exceptions. Plaintiff sued as assignee of A. H. Koebig and of A. H. Koebig, Jr. In the first four counts of his complaint he sued the defendant corporation to recover the value of his assignors' services and for moneys paid out by Koebig, Senior, at the instance and request of the defendant corporation. In the fifth count of his complaint he re-alleged all of the matters going to make up the causes of action against the corporation, and then charged the defendant stockholders with their proportionate shares of liability under the law. Demurrers of certain of the defendants were interposed and overruled. Their answers followed and the court made its findings and gave its judgment in favor of plaintiff against the defendant corporation in the sum of $3,610, and in favor of the plaintiff and against certain stock-

holders for their proportions of this amount.  The corporation and two of its stockholders have appealed.

On appeal it is first contended that the demurrers should have been sustained for misjoinder of causes of action and for misjoinder of parties defendant.  Both of these grounds go to the same proposition, namely, that our law does not permit a joinder of parties defendant and of causes of action when, as here, it is sought to charge in one action against the corporation for its liability and against its stockholders for their statutory liability.  To permit this to be done, however, makes manifestly for the expeditious disposition of litigation without working hardship to any party defendant, and for this reason it should be countenanced unless forbidden.  Nothing in our law forbids it.  In *Kennedy* v. *California Sav. Bank,* 97 Cal. 93, [33 Am. St. Rep. 163, 31 Pac. 846], this precise procedure was had, and in *Kiefhaber Lumber Co.* v. *Newport Lumber Co.,* 15 Cal. App. 37, [113 Pac. 691], an attack was made upon a complaint which did this upon the same grounds as those here presented.  The court of appeals upheld the practice, and this court refused to rehear the case when a rehearing was urged upon this ground.  The other grounds of demurrer revolve about the proposition which has just been decided.  In varying terms it is declared on behalf of the appealing stockholders that their demurrers to the first four causes of action should have been sustained because they were not impleaded therein.  The matter is hypertechnical.  Each one of those four causes of action was embraced in the fifth count, in which they were included, so that it would have advantaged them nothing if their demurrers had been sustained to the first four counts, and they are injured in no respect because their demurrers were not sustained.

It is next contended that it cannot be determined from the findings by what method the court fixed the sums due to plaintiff, and that therefore the judgment is not sustained. While the complaint, as indicated, charged in separate counts, the court treated the Koebigs' dealings with defendant corporation as being open and continuous services, and its findings of the amounts due are wholly within the pleadings. The whole matter of the indebtedness of the defendants to plaintiff's assignors was in issue.  Defendants denied any indebtedness.  The admissions in the complaint of payments which appellants argue bind plaintiff and necessarily result

in establishing that the judgment given was for too large a sum cannot be so used against the findings and judgment when every allegation of the complaint was, as here, denied and issue joined upon every averment. (*Graham* v. *Harmon,* 84 Cal. 181, [23 Pac. 1097].)

The judgment appealed from is therefore affirmed.

Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.