## KYNERD v. McCARTHY et al.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1924.)

No. 4323.

**1. Receivers ⟨⟩206—Court has jurisdiction to appoint receivers for a foreign corporation at instance of lien creditor.**

A federal court had jurisdiction to appoint receivers for a foreign corporation having property in the district, at suit of a creditor entitled to a lien under the state statute, where diversity of citizenship existed, though appointment was asked as ancillary to appointment in another district, the court of which had no jurisdiction.

**2. Receivers ⟨⟩19—Grounds for appointment of receivers for foreign corporation.**

That a foreign corporation doing business and having property in the district is unable to pay a judgment against it, and is in danger of having its property sacrificed and its business discontinued by reason of garnishments issued under such judgment, constitutes ground for appointment of receivers at suit of its other creditors.

**3. Attorney and client ⟨⟩70—Authority of counsel to appear for corporation will be presumed.**

In the absence of evidence to the contrary, the authority of counsel to appear and answer for a corporation will be presumed.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Suit in equity by J. T. McCarthy, Jr., and others, against the U. S. Tex Oil Corporation and others. From an order appointing receivers, W. D. Kynerd appeals. Affirmed.

Joseph Manson McCormick, of Dallas, Tex. (Francis Marion Etheridge, Henri Louie Bromberg, and Paul Carrington, all of Dallas, Tex., on the brief), for appellant.

J. H. Barwise, G. W. Wharton, and H. S. Garrett, all of Fort Worth, Tex., and Alex S. Coke, of Dallas, Tex. (Robert Lee Stennis and Sam Deb Stennis, Jr., both of Dallas, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an appeal from orders of the District Court for the Northern District of Texas appointing receivers of the U. S. Tex Oil Corporation, and enjoining its creditors from interfering with the possession by the receivers of the corporation's properties, or with the management and administration of its affairs.

On February 27, 1924, Kynerd, the appellant, obtained in a Texas state court a judgment for $292,556.95 against the U. S. Tex Oil Corporation, a corporation under the laws of New Hampshire. On March 4, J. T. McCarthy, Jr., a citizen of Texas, filed his bill of complaint against the oil corporation in the United States District Court for the Northern District of Texas. The bill contains averments to the following effect: The corporation has assets amounting to $350,000 and is indebted in an equal amount, not including Kynerd's claim. It is indebted to McCarthy in the sum of $4,269.32 for work, labor and services. Kynerd was threatening to levy upon and seize the assets of the corporation in satisfaction in whole or in part of his judgment, which is excessive, and has applied for writs of garnishment, and unless enjoined would cause a sacrifice of the assets of the corporation, and prevent it from continuing its business operations. The bill then avers the prior appointment of a receiver by the United States District Court of New Hampshire, and prays for the appointment of ancillary receivers in Texas, and for an injunction in order to protect from waste the property of the corporation situated in Texas. The proceedings in the New Hampshire court are attached to and made a part of McCarthy's bill, but it does not affirmatively appear that the New Hampshire court acquired jurisdiction, since the requisite diversity of citizenship is not averred, and the complainants are not shown to be other than simple contract creditors.

An answer, verified by its secretary and to which its seal was attached, was filed on behalf of the U. S. Tex Oil Corporation admitting that the averments of the bill were true, and consenting to the relief prayed for by McCarthy. The District Court of Texas immediately appointed receivers as prayed, and on March 19 Kynerd moved to vacate the order appointing the receivers and to dissolve the injunction. As reasons for granting the motion, Kynerd alleged, among other things, that after he recovered his judgment he caused a large number of writs of garnishment to be issued, and thereby had impounded a large amount of money of the oil corporation, and had his judgment recorded in several counties in Texas in which the corporation had property. On March 22 the District Court modified the injunction, so as to permit the appellant to institute or continue proceedings to establish claims and liens upon the property of the corporation, and to pursue any other action not involving interference with the possession of the receivers.

[1, 2] Jurisdiction of the Texas District Court, from which this appeal comes, is not dependent upon jurisdiction of the District

Court of New Hampshire. In this suit there is diversity of citizenship, and the complainant has a lien under article 5639a of Vernon's Ann. Civ. St. Supp. 1918 of Texas. The U. S. Tex Oil Corporation is shown not to have assets enough to protect itself against appellant's judgment, and to be in immediate danger of having its property sacrificed and its business discontinued by reason of the issuance of writs of garnishments at appellant's instance. It therefore appears to be insolvent. Cunningham v. Norton, 125 U. S. 77, 8 S. Ct. 804, 31 L. Ed. 624. Under these circumstances the appointment of a receiver to preserve the property was authorized. 23 R. C. L. 18, 24. It is wholly immaterial that the receivers appointed in Texas were designated as ancillary receivers. The property they were authorized to take possession of and to administer is within the jurisdiction of the trial court.

[3] Some contention is made that there was a lack of proper authority from the oil corporation to answer and admit the averments of McCarthy's bill; but, in the absence of evidence to the contrary, the authority of counsel who appeared for it will be presumed. Alexandria Canal Corporation v. Swann, 5 How. 83, 12 L. Ed. 60.

The orders appealed from are affirmed.