[Civ. No. 6808. First Appellate District, Division Two.—September 17, 1929.]

G. NELSON, Respondent, v. ROBERT MARSH et al., Appellants.

Clyde C. Shoemaker for Appellants.

Hadsell, Sweet & Ingalls for Respondent.

BURROUGHS, J., *pro tem.*—The defendants, Robert Marsh and F. L. Marsh, appeal from an order of the court denying their motion for a change of the place of trial of the action from the city and county of San Francisco to the county of Los Angeles, their place of residence. The complaint was filed in the Superior Court of the City and County of San Francisco. The defendants are Robert

Marsh, F. L. Marsh, S. L. Steele and Venice Island Land Company. The action is brought to recover upon a debt contracted by the defendant corporation. There were two causes of action stated in the complaint, an action against the corporation on its contractual liability, and an action against the stockholders on their stockholders' liability.

The complaint alleges that at all the times therein mentioned the corporation defendant was organized and existing under the laws of California, and having its principal place of business in the city and county of San Francisco. The defendants Robert Marsh and F. L. Marsh filed a demand for a change of venue to the county of Los Angeles, and in support of such demand an affidavit of merits and of residence, signed by Robert Marsh. It is alleged in said affidavit, first, that none of the defendants named in the complaint resided in the city and county of San Francisco at the time of the commencement of the action; second, that defendants Robert Marsh and F. L. Marsh then resided, and now reside in the county of Los Angeles, and the defendant S. L. Steele then and now resides in the city of Stockton, San Joaquin County; third, that at the time of the commencement of the action the defendant corporation did not operate or maintain any office or place of business in the city and county of San Francisco, and that none of the officers or directors of said corporation resided in the city and county of San Francisco at the time of the commencement of the action, nor do they reside therein at the present time; fourth, that on or about the twenty-eighth day of February, 1926, said corporation forfeited its charter and all its rights to do business in the state of California were suspended because of its failure to pay the state license tax. That there has been no revival of said corporation, and that for a long time prior to the commencement of the action said corporation was not doing or carrying on any business in the state of California nor has it at any time since its right to do business was suspended, as aforesaid, been doing or carrying on any business in the state of California. It is also alleged in said affidavit that said corporation is neither a necessary nor a proper party defendant, and it is further alleged, on information and belief, that said corporation has been joined as a party defendant solely for the purpose and with the intention of

attempting to retain the venue of said action in the city and county of San Francisco.

Appellant contends that by the joinder of a cause of action against the corporation on its contractual liability, with a cause of action against the individual stockholders on their statutory liability as such stockholders, the plaintiff waived his right to have the action tried in the county of the corporation's residence and he cites in support thereof, *Griffin & Skelley Co.* v. *Magnolia & Healdsburg Fruit Cannery Co.,* 107 Cal. 378 [40 Pac. 495], *Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 Pac. 209], and *Nelson* v. *East Side Grocery Co.,* 26 Cal. App. 344 [146 Pac. 1055]. All three of these cases are discussed in *McClung* v. *Watt,* 190 Cal. 155 [211 Pac. 17, 18], and we believe the distinction there drawn between the cited cases and *McClung* v. *Watt, supra,* applies with equal force to the case at bar. In speaking of the cases above cited, the court says: ''It will be noted that in none of these cases cited by the defendant in support of his contention in this behalf was the action brought, as in the instant case, in the county where the principal place of business of the corporation defendant was located. They were all cases in which the action was brought against the corporation defendant under the authority of the first two provisions of article XII, section 16, of the state Constitution, which provides that a corporation may be sued 'where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs.' In other words, the actions were brought in counties in which they could not have been maintained except for the fact that one of the defendants was a corporation, and this court held that the fact that one of the defendants was a corporation should not deprive an individual defendant of his right to have the action tried in the county of his residence. In the instant case, however, the action was commenced in the principal place of business of the corporation—the county of its residence. (*Jenkins* v. *California Stage Co.,* 22 Cal. 538; *Buck* v. *City of Eureka,* 97 Cal. 135 [31 Pac. 845]; *Trezevant* v. *Strong,* 102 Cal. 47 [36 Pac. 395]; *Gallup* v. *Sacramento & San Joaquin Drainage District,* 171 Cal. 71 [151 Pac. 1142].) The plaintiff had a right to bring the action there, irrespective of whether or not one of the de-

fendants was a corporation or an individual defendant. That is to say, the right of the individual defendant in the instant case is not affected by the fact that the defendant joined is a corporation rather than an individual. The rule annunciated in the cases cited and relied upon by the individual defendant, Watt, has, therefore, no application to a situation where the action was instituted in the county of the principal place of business of a corporation defendant properly joined with other defendants in the action.''

In the case at bar the action was commenced in the county of the residence of the corporation. (Code Civ. Proc., sec. 395.) █ Nor do we believe that the fact that the corporation defendant has been suspended from doing business in the state of California until the payment of its corporation tax, affects the statutory right of the plaintiff to have the cause of action tried in the place of the corporation's residence. The act providing for the suspension of the corporation's right to do business until the payment of the taxes provides an exception, in that, the corporation has a right to execute and deliver deeds to real property in pursuance of contracts therefor, made prior to such time, and to defend in court any actions brought against such corporation. (1 Deering's Gen. Laws 1923, p. 554, Act 1743, sec. 11.) It thus appearing that the corporation has a right to defend actions, it logically follows that all the rights and privileges accrued to both parties to an action may be pursued as though there had never been any suspension of the corporation's right to do business.

█ It is further claimed by the appellants that the corporation is not a proper party defendant. That the two causes of action are unnecessarily joined. That there is no code rule authorizing their joinder, and he cites in support thereof the case of *Avery* v. *Chucawalla Development Co.*, 175 Cal. 644 [166 Pac. 1002, 1003], wherein it is held that such joinder may be made because ''to permit this to be done, however, makes manifestly for the expeditious disposition of litigation without working hardship on any of the defendants and for this reason it should be countenanced unless forbidden. Nothing in our law forbids it.'' The practice of our courts has upheld such joinder as proper. (*Kiefhaber Lumber Co.* v. *Newport Lumber Co.*, 15 Cal.

App. 37 [113 Pac. 691].) And since the commencement of this action there have been added to the Code of Civil Procedure, sections 379a (Stats. 1927, p. 477), 379b (Stats. 1927, p. 478) and 379c (Stats. 1927, p. 631), making such a joinder proper. It has been held that such changes in procedural rules apply to pending cases. (*Maguire* v. *Cunningham*, 64 Cal. App. 536 [222 Pac. 838].)

Appellant also complains that the joinder of the corporation defendant was made for the sole purpose of retaining the case for trial in the city and county of San Francisco, but it is said in *McClung* v. *Watt*, 190 Cal. 159 [211 Pac. 17, 19], that "The motion for a change of place of trial to the county of the party's residence must be made by the moving party and determined by the court in advance of any other judicial action in the case." (Citing *Brady* v. *Times-Mirror Co., supra,* and other cases.) "Hence the right to a change of place of trial to the residence of a defendant must necessarily be determined by the status of the parties joined as defendants in the action as revealed by the pleadings existing at the time the party claiming the right first appeared in the action." (Citing *Brady* v. *Times-Mirror Co., supra; Donohoe* v. *Wooster,* 163 Cal. 114 [124 Pac. 730], and other cases.) "If the complaint in the instant case attempts, in apparent good faith, to state a cause of action against the corporation defendant, the individual defendant Watt, did not have the right to have the place of trial changed to the county of his residence. The sufficiency of the complaint and the good faith of the pleader are not to be denied, upon a motion for a change of venue, unless, at first blush, it can be clearly seen and said that the allegations of fact concerning the corporation defendant are in nowise related to the facts alleged and relied upon as a cause of action against the defendant, Watt . . . "

We are of the opinion that the complaint in the case at bar, in so far as the joinder of action against the corporation and the individual stockholders is in question, is *prima facie* made in good faith. The action grew out of a debt contracted by the corporation and falls within the class of cases covered by the decisions in *Avery* v. *Chucawalla Development Co., supra,* and *Kiefhaber Lumber Co.* v.

*Newport Lumber Co., supra,* and is also within the provisions of section 379a of the Code of Civil Procedure.

The order is therefore affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.