GRACE HELEN SMITH, Appellant, v. JAMES FRANK-LIN SMITH, Respondent.

Joseph F. O'Malley, John F. O'Sullivan and James A. Himmel for Appellant.

John Elliott Cook for Respondent.

NOURSE, P. J.—Plaintiff sued to recover money alleged to be owing from defendant Smith on a written contract. The defendant title company was sued as stakeholder of corporate stocks deposited by defendant Smith as security for payments as called for by the contract. The suit was filed in the city and county of San Francisco, which is the residence of the title company. The defendant Smith, a resident of Santa Clara County, moved for a change of the place of trial, and his motion was granted. The appeal is from that order.

The motion was heard on the affidavit of respondent Smith alone. No counter showing was made. The title company filed a disclaimer and consent to abide by any order the court should make. The ground upon which the motion was made and granted was that the title company was not an interested or necessary party and was joined solely for the purpose of having the action tried in the city and county of San Francisco. There is ample evidence to support this finding.

The case presents a single question of statutory procedure. Section 395 of the Code of Civil Procedure provides that: "If

any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county, city and county, township, city or town where he resides, his residence must not be considered in determining the proper place for the trial of the action.'' If a party is joined under these circumstances the section provides that his residence *must not* be considered. The decision is with the trial court in passing on the motion for change of the place of trial. The appellant has not shown any error in the ruling complained of. We find the ruling in full harmony with *Sayward* v. *Houghton,* 82 Cal. 628, 629 [23 Pac. 120; *Sourbis* v. *Rhoads,* 50 Cal. App. 98, 101 [194 Pac. 521] ; *Hellman* v. *Logan,* 148 Cal. 58, 61 [82 Pac. 848]. We find nothing in *Freeman* v. *Dowling,* 219 Cal. 213 [25 Pac. (2d) 980], to the contrary. The point here is not that the appellant failed to plead a cause of action against the resident defendant. It is that, after a full and fair hearing, the trial court found that the title company was not a necessary party to the litigation and that it had been joined solely for the purpose of having the action tried in the county of its residence.

The terms of the statute are plain and require no interpretation. They are designed to give the real party in interest the right to have the trial held in the county of his residence when an unnecessary party is joined for the sole purpose of taking that right from him.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.