[L. A. No. 17487. In Bank.—November 29, 1940.]

SUNSET OIL COMPANY (a Corporation), Respondent, v. MARSHALL OIL COMPANY (a Corporation), Appellant.

J. U. Hemmi and James R. Jaffray for Appellant.

Mitchell, Silberberg, Roth & Knupp and C. E. Erkel for Respondent.

SHENK, J.—The defendant, Marshall Oil Company, appealed from a judgment in an action to quiet title to real property. ▮ The plaintiff moved to dismiss the appeal on the ground that the corporate powers of the defendant had been suspended in 1922 by the forfeiture of its charter for non-payment of the corporate license tax, and that it had no power to prosecute an appeal under the powers reserved to it by the statute. The plaintiff presents a certificate of the Secretary of State showing that the defendant had, on March 4, 1922, forfeited its charter for non-payment of its license tax pursuant to the provisions of the Corporation License Act (Stats. 1915, p. 422, revised by Stats. 1917, p. 371, as amended; see Deering's General Laws, 1937, Act 1743, p. 876). The material portions of section 11 of that act (Stats. 1917, p. 377) provided and now provide: "After six o'clock p. m. of the Saturday preceding the first Monday in March in any year, the corporate rights, privileges and powers of every domestic corporation which has failed to pay the tax and money penalty for nonpayment thereof imposed by this act shall, from and after said hour of said day, be suspended, and incapable of being exercised for any purpose or in any manner except to execute and deliver deeds to real property in pursuance of contracts therefor made prior to such time, and to defend in court any action brought against such corporation, . . . Every person who attempts or purports to exercise any of the rights, privileges or powers of any delinquent domestic corporation except as permitted by this act . . . shall be guilty of a misdemeanor . . . Every contract made in violation of this section is hereby declared to be void."

The legislature thus preserved to the corporation whose powers were suspended under said section, the right or power "to defend in court any action brought against such corporation." It apparently is conceded that the right "to defend

in court any action brought against'' the corporation extends to any action which may be brought against the corporation subsequent to the forfeiture or suspension, and that the reservation of power to defend is not limited to actions pending at the time of the forfeiture or suspension. In short, it is the contention of the plaintiff that the right to defend does not include the right to give notice of, perfect, or prosecute an appeal from an adverse judgment. The contention is without merit.

The plaintiff does not present any authority to the effect that a suspended corporation which has the right to defend actions in court has not the right to appeal. The legislative history of the corporation license act, beginning with the Statutes of 1905, page 493, the changes and revisions therein, and the effect thereof upon the exercise of corporate rights and powers, is set forth in various decisions. (See *Kaiser Land & Fruit Co.* v. *Curry,* 155 Cal. 638 [103 Pac. 341]; *Brandon* v. *Umpqua Lumber and Timber Co.,* 166 Cal. 322 [136 Pac. 62]; *Rossi* v. *Caire,* 174 Cal. 74 [161 Pac. 1161]; *Anthony* v. *Janssen,* 183 Cal. 329 [191 Pac. 538]; *California National Supply Co.* v. *Flack,* 183 Cal. 124 [190 Pac. 634]; *Rossi* v. *Caire,* 186 Cal. 544 [199 Pac. 1042]; *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 Pac. 446]; *Van Landingham* v. *United Tuna Packers,* 189 Cal. 353 [208 Pac. 973]; *Southern Land Co.* v. *McKenna,* 100 Cal. App. 152, 159 [280 Pac. 144].) For present purposes it is sufficient to note that the courts of this State have recognized that where, under forfeiture clauses, the right to defend actions in court was reserved to the corporation, such right included also the right to appeal. In *Brandon* v. *Umpqua Lumber & Timber Co., supra,* a motion was made by the plaintiff to dismiss the defendant corporation's appeal on the ground "that the forfeiture took away the right of the corporation to give notice of, perfect, or prosecute an appeal." The forfeiture in that case had occurred on November 30, 1912, for failure to pay the corporation license tax. The statute there involved permitted the directors of a corporation whose charter had been so forfeited to settle its affairs and to maintain or defend actions pending. The court denied the motion, holding that "the right of defense includes the right to prosecute an appeal in the name of the corporation." In the case of *Nelson* v. *Marsh,* 100 Cal. App. 578

[280 Pac. 695], the corporation defendant had forfeited its charter for non-payment of the corporation license tax. The right to appeal was not directly involved, but the court implied the existence of that right in the following language: "It thus appearing that the corporation has a right to defend actions, it logically follows that all rights and privileges accrued to both parties to an action may be pursued as though there had never been any suspension of the corporation's right to do business."

It has been said that a corporation which is properly a party to an action may lawfully take any step that an individual may take under like circumstances to bring it to a final judgment. (*The Alexandria Canal Co.* v. *Swann*, 5 How. (46 U. S.) 83 [12 L. Ed. 60].) It would seem anomalous to conclude that a corporation which has the right to defend an action has no right to take an appeal from an adverse judgment.

The plaintiff relies on the case of *Ransome-Crummey Co.* v. *Superior Court, supra.* There the petitioner was a corporation which had lost its rights for non-payment of the license tax required by Statutes of 1917, page 371. It sought the assistance of this court in maintaining an action as plaintiff against one Graves. The following statement from the opinion in that case will serve to distinguish it from the case presented here: "During the time its taxes were unpaid, petitioner was shorn of all rights save those expressly reserved by the statutes. The right to institute or maintain actions is not included in this reservation, but is denied to corporations as a part of the penalty."

The plaintiff also relies on *Boyle* v. *Lakeview Creamery Co.,* 9 Cal. (2d) 16 [68 Pac. (2d) 968]. In that case the defendant corporation had forfeited its corporate powers for non-payment of franchise taxes required by the California Bank and Corporation Franchise Tax Act. (Stats. 1929, p. 19, as amended; Deering's General Laws, 1937, Act 8488, p. 3851; 1939, p. 1544.) That statute was enacted to carry into effect the provisions of section 16, article XIII, of the Constitution, providing for an "in lieu" tax imposed on the privilege of exercising the corporate franchise in this state, to be measured by net income. Section 32 of that act provided that the powers of a domestic corporation so failing to pay its taxes should be suspended and be incapable of being

exercised "for any purpose or in any manner except for the purpose of amending the articles of incorporation to set forth a new name." The court reviewed the differences in the wording of section 32 of that statute, and of section 3669c of the Political Code, which was similar in wording and effect to section 11 of the Corporation License Act. · The court distinguished the statute reserving to the corporation the right to defend and the Bank and Corporation Franchise Tax Act, which did not provide a similar reservation. The holding in that case was in the following language: "The conclusion which we are forced to draw is that the appellant corporation has lost the right to defend the suit in question, and since it has no right to defend, it has no right to appeal from an adverse decision." The court thus recognized, inferentially at least, that the right to defend includes the right to appeal. Section 11 of the Corporation License Tax (Stats. 1917, p. 377), and not section 32 of the Bank and Corporation Franchise Tax Act, governs the disposition of the motion in the present case. That being so, the defendant corporation herein has the right to defend. Having that right, it likewise has the right to prosecute the appeal.

The motion is denied.

Houser, J., Traynor, J., Edmonds, J., Carter, J., Spence, J., *pro tem.*, and Gibson, C. J., concurred.