[Civ. No. 3009. Fourth Dist. Mar. 20, 1942.]

L. C. WHITE, Respondent v. CHARLES J. ANDERSON et al., Defendants; ALEX HIGHIET, Appellant.

Edward T. Taylor for Appellant.

Ralph Robinson and Clyde E. Cate for Respondent.

BARNARD, P. J.—This is an appeal from an order refusing to grant a motion and demand for a change of venue.

In the original complaint Anderson, a resident of Fresno County, was named as sole defendant. It was alleged that he stole certain property from plaintiff's assignor and that he had refused to return the property or pay the value thereof although demand had been duly made. In an amended complaint Highiet was added as a party defendant and the stated value of the property taken was increased. It was there alleged that property of the value of $20,000 was taken, that thereafter a portion of the property, being of the value of $18,000, came into possession of the defendant Highiet, and that demand had been made on both defendants for a return of the goods. The property taken was described but it was not alleged which particular articles had come into possession of Highiet. The prayer was for the return of the property or its value in case the same could not be returned.

The defendant Highiet, who was a resident of Stanislaus County, filed a demurrer to the amended complaint and also filed a motion and demand for a change of venue, demanding that "the place of trial of the above entitled action be transferred" to the Superior Court of Stanislaus County, together with an affidavit in the usual form. After a hearing the court entered an order denying the motion and demand for a change of venue, and the defendant Highiet has appealed.

The appellant contends that the amended complaint does not sufficiently allege a cause of action as against him for the reason that it fails to allege any sort of joint action or joint relationship between him and the other defendant, that the allegations of the complaint present a situation which can only be tried or remedied by separate actions against the two defendants, and that he is, therefore, entitled to a change of venue as a matter of right under sections 395-399 of the Code of Civil Procedure. He concedes that a good cause of action is alleged as against Anderson, but contends that the complaint is deficient in this respect as against him. In effect it is claimed that two causes of action are alleged or attempted to be alleged and that the one against the appellant should have been brought in Stanislaus County. It thus appears that the real contention is that the appellant was an improper party in and to the action brought in Fresno County. While this situation, if true, could have been reached in another way, it does not furnish a sufficient reason for transferring the entire action to the other county. Section 395 of the Code of Civil Procedure provides, among other

things: "If any person is improperly joined as a defendant . . . his residence must not be considered in determining the proper place for the trial of the action."

A defendant is not entitled to have an action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought. (*Donohoe* v. *Wooster,* 163 Cal. 114 [124 Pac. 730].) Even when all of the defendants join in a demand for or consent to a change of venue the cause will be retained if the complaint attempts in apparent good faith to state a cause of action against a defendant who resides in the county where the action was commenced. (*McClung* v. *Watt,* 190 Cal. 155 [211 Pac. 17].) When a defendant who resides in the county in which an action is brought is a necessary and proper party defendant it is immaterial that another and the principal defendant resides in another county. (*Hellman* v. *Logan,* 148 Cal. 58 [82 Pac. 848].)

The appellant argues entirely with respect to whether a good cause of action was alleged against him when the real question on such an appeal as this is as to whether a good cause of action has been alleged against a defendant who resides in the county in which the action is begun, or whether in good faith there has been an attempt to allege such a cause of action. In that connection the possibility of amendment is always material. (*McClung* v. *Watts, supra; Richmond Terminal Corp.* v. *Parr Terminal Co.,* 96 Cal. App. 152 [273 Pac. 845].)

Whether the amended complaint was sufficient to allege a good cause of action as against this appellant is another question which we are not here called upon to decide. The appellant, in his briefs, seems to contend both that he was entitled to have the entire action removed to the other county and that the order should be reversed only insofar as it affects him. He applied for a change of the place of trial of the entire action, the order appealed from is one refusing a change of venue with respect to the entire action, and the correctness of that order is the only question before us.

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied April 16, 1942.