[Civ. No. 16161. Second Dist., Div. Two. Mar. 8, 1948.]

J. MARVIN ECKLES, Appellant, v. THE JUSTICE'S COURT OF BEVERLY HILLS TOWNSHIP, Defendant; THE FILTEX CORPORATION (Real Party in Interest), Respondent.

George I. Devor for Appellant.

Meserve, Mumper & Hughes, Shirley E. Meserve and Robert A. Stewart, Jr., for Respondent.

WILSON, J.—Petitioner-appellant commenced an action in the Justice's Court of Beverly Hills Township, a Class "A" justice's court, to recover the sum of $1,000 from The Filtex Corporation, organized under the laws of Michigan and qualified to do business in California. The defendant corporation made a motion for a change of venue to the Municipal Court of the City of Los Angeles on the ground that its principal place of business was in the latter city. Affidavits were presented showing that the corporation's principal place of business in California was in Los Angeles, that the obligation sued on, if performable, was to be performed there, and that the breach, if any, occurred in Los Angeles. No counteraffidavits were filed. The motion was denied but the justice's court, on its own motion and on the ground that it had no jurisdiction over the action, ordered it transferred to the Municipal Court of Los Angeles.

Appellant filed in the superior court a petition for a writ of mandate to compel the justice's court to exercise jurisdiction over the action. The writ of mandate was denied and petitioner has appealed.

Appellant contends that a corporation has no right to a change of venue on the ground of residence, and that where the corporation is sued in one of the places provided in section 16 of article XII of the Constitution, other than its principal place of business, it is not entitled to a change of venue to the place of its residence, citing *Cook* v. *Ray Mfg. Co.*, 159 Cal. 694 [115 P. 318]. That provision of the Constitution and the case cited relate to the *county* in which a corporation may be sued and not to the particular court in the

county. Furthermore, it appears from the opinion in the Cook case that the merchandise was sold and the contract breached in the county in which the action was commenced.

■ A corporation is entitled to a change of venue to the county in which its principal place of business is located. (*De Campos* v. *State Compensation Ins. Fund,* 75 Cal.App.2d 13, 22 [170 P.2d 60]; *Norins Realty Co.* v. *Consolidated A. & T. G. Co.,* 80 Cal.App.2d 879 [182 P.2d 593].) ■ A foreign corporation resides at its principal place of business in this state, as designated in the statement which it is required by section 405 of the Civil Code to file in the office of the Secretary of State, and is entitled to a change of venue for the same reasons that are applicable to domestic corporations. (*Bohn* v. *Better Biscuits, Inc.,* 26 Cal.App.2d 61, 65 [78 P.2d 1177].)

■ Subdivision 2 of section 395 of the Code of Civil Procedure determines the proper court within the county for the trial of an action. By reason thereof, since it is undisputed that the city of Los Angeles is (1) the city in which respondent corporation resides, (2) in which the obligation was contracted to be performed, and (3) in which the breach, if any, took place, the Municipal Court of the City of Los Angeles is the proper court for the trial of the action.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.