[S. F. No. 17971. In Bank. Sept. 12, 1950.]

INDEPENDENT IRON WORKS, INC. (a Corporation), Appellant, v. AMERICAN PRESIDENT LINES, LTD. (a Corporation) et al., Respondents.

Heller, Ehrman, White & McAuliffe, Lloyd W. Dinkelspiel and Caspar W. Weinberger for Appellant.

Balter & Balter and William E. Balter for Respondents.

SPENCE, J.—Plaintiff appeals from an order granting a motion for a change of venue from the city and county of San Francisco to the county of Los Angeles. There is no dispute as to the material facts, and it appears therefrom that plaintiff's objection to the venue change is well taken.

This is an action to quiet title to certain personal property— 31 reels of cable—brought against defendants American President Lines, Ltd. (hereinafter referred to as President Lines), as the party now in possession of the cable; Eastern Iron & Metals Co., Ltd. (hereinafter referred to as Eastern); and Max Peterman, doing business as Economy Pipe & Supply Company (hereinafter referred to as Peterman). Plaintiff

alleged that it was the owner of the cable; that all of the defendants asserted claims to the cable adverse to plaintiff but that they were without right, title or interest therein; and accordingly, plaintiff asked for a decree adjudging it to be the owner and entitled to the immediate possession of the cable.

Defendant President Lines filed an answer, wherein it alleged that it was a Delaware corporation, with its principal place of business in San Francisco; that it now had possession of the cable at Wilmington, California; that its possession was rightful under a contract of carriage whereby the cable had been delivered to it for shipment to Los Angeles in accordance with a bill of lading; and that it had a possessory lien on said cable for carriage charges, but "except as [so] alleged . . . it ha[d] no estate, right, title or interest whatsoever in said personal property . . ." As a separate and distinct answer and defense, said defendant President Lines set forth certain facts showing that the cable was now claimed by plaintiff and defendants Eastern and Peterman; and stated that it could not safely determine ownership as between said claims without great hazard to itself, but offered to deliver the cable into court in order that the claimants might interplead and thereby settle and adjust their claims among themselves. Defendant President Lines then prayed that it be discharged from all liability to any of said claimants and in accordance with its alleged possessory lien for ocean freight, storage, and other charges, it asked the court to order the prevailing party claimant to pay it all such charges, together with costs and attorney fees.

Thereafter defendants Eastern and Peterman filed a demurrer and moved for a change of venue to Los Angeles County upon these grounds: (1) their residence in said county; and (2) the claim that President Lines "was not a real party in interest, but only a stakeholder." Defendant President Lines opposed the motion for change of venue, as did plaintiff. By counteraffidavit, said President Lines set forth various procedural steps it had taken in compliance with the laws of California for authorization to do business within the state and for the establishment of its residence in San Francisco as its principal place of business. (Corp. Code, §§ 6401, 6403, based on former Civ. Code, § 405.) These matters were not disputed. The court granted the motion for change of venue. From the order accordingly entered, plaintiff has appealed.

Respondents Eastern and Peterman do not contest the sufficiency of appellant's complaint in stating a cause of action against the President Lines, or the latter's place of residence as San Francisco upon its qualifying as a foreign corporation to do business within the state. (*Bohn* v. *Better Biscuits, Inc.*, 26 Cal.App.2d 61, 64-65 [78 P.2d 1177] ; *Eckles* v. *Justice's Court*, 84 Cal.App.2d 269, 271 [190 P.2d 224] ; also *Western-Knapp Engineering Co.* v. *Gilbank*, 129 F.2d 135, 136.) However, they do challenge the sufficiency of the interest of the President Lines in the outcome of this litigation, maintaining that it is classifiable as no more than a stakeholder, a status which does not entitle it to have the case tried in the county of its residence in opposition to respondents' demand for a change of venue. On the other hand, appellant contends that defendant President Lines is a proper and necessary party to the complete adjudication of the entire controversy, that it was not joined as a defendant in the action for the purpose of keeping the place of trial in San Francisco, and therefore the order for the change of venue to Los Angeles County cannot be sustained. The record confirms the propriety of appellant's position.

Section 395 of the Code of Civil Procedure provides, among other things, that "the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action." So pertinent are these general rules governing the determination of the venue issue as stated in *White* v. *Anderson*, 50 Cal.App.2d 634, at page 636 [123 P.2d 543] : "A defendant is not entitled to have an action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought. (*Donohoe* v. *Wooster*, 163 Cal. 114 [124 P. 730].) Even when all of the defendants join in a demand for or consent to a change of venue the cause will be retained if the complaint attempts in apparent good faith to state a cause of action against a defendant who resides in the county where the action was commenced. (*McClung* v. *Watt*, 190 Cal. 155 [211 P. 17].) When a defendant who resides in the county in which an action is brought is a necessary and proper party defendant it is immaterial that another and the principal defendant resides in another county. (*Hellman* v. *Logan*, 148 Cal. 58 [82 P. 848].)"

Unquestionably, appellant's complaint stated a cause of action to quiet title against all defendants. (Code Civ. Proc., § 738.) However, despite the sufficiency of appellant's pleading, respondents argue that appellant cannot prevail here on

the venue issue because "the right to a change of place of trial to the residence of a defendant must necessarily be determined by the status of the parties joined as defendants in the action as revealed by the pleadings existing at the time the party claiming the right first appeared in the action." (*McClung* v. *Watt, supra,* 190 Cal. 155, 159; also, *Nelson* v. *Marsh,* 100 Cal.App. 578, 583 [280 P. 695] ; *Konnoff* v. *Fraser,* 62 Cal.App.2d 788, 791 [145 P.2d 368].)

At the time respondents first appeared in this action, defendant President Lines had already filed its answer, which respondents claim revealed its status to be merely that of a stakeholder, and so one not having such an interest in the litigation as would justify consideration of its residence in determining the venue issue. (*Smith* v. *Smith,* 30 Cal.App.2d 70 [85 P.2d 473].) But respondents misconstrue the purport of the answer filed by defendant President Lines in setting forth its position. Thus, after asserting its possessory lien for "all charges" due under its "contract of carriage" covering the cable now in its possession, defendant President Lines made this statement in its answer: "*Except as herein alleged,* defendant admits that it has no estate, right, title or interest whatsoever . . ." (Emphasis added.) Nor is President Lines properly classifiable as a disinterested party in the outcome of the litigation coincident with its offer to deliver the cable into the custody of the court pending the determination of the controversy. This is not a case where "a defendant . . . at any time *before answer*" has "appl[ied] to the court for an order to substitute [a third party claimant] in his place, and discharge him from liability to either party, on his depositing in court . . . or delivering the property or its value to such person as the court may direct . . ." (Code Civ. Proc., § 386; emphasis added.) Rather here, President Lines in its *answer* made the offer to deliver the cable into court and asked to have the parties interpleaded, and hence the court had no opportunity to make the order contemplated by the cited statute *before* an answer was filed and in discharge of the applicant defendant's liability; and President Lines remains a defendant in this action. There also seems to be no place for the *substitution* of a third party claimant in this litigation, for appellant apparently has joined all claimants as defendants herein.

Moreover, as the record here stands, President Lines, so long as it has possession of the cable and asserts its possessory

lien thereon, appears to be not only a proper party defendant, but a necessary party in order that a complete determination of the controversy may be had in the single quiet title action upon the adjudication of all adverse claims to the property involved. (Code Civ. Proc., § 379; also, 22 Cal.Jur., § 26, p. 142.) Nor can it be said, as respondents urge, that the interest of President Lines is only "incidental" to the main issue in the case and so insufficient to defeat respondents' demand for a change of venue. Rather, it may well be that the possessory lien asserted by President Lines will be opposed upon the ground that the assessed charges are excessive or that the duties and obligations of President Lines as carrier and bailee have not been properly performed; and, in addition, there are the items of costs and attorney fees which President Lines also seeks to recover in this action. All of these matters are open to challenge herein, and every claim of President Lines adverse to appellant should be determined in this action. (See *Winter* v. *McMillan,* 87 Cal. 256, 265 [25 P. 407, 22 Am.St.Rep. 243].)

The cases upon which respondents rely are wholly distinguishable: *Sayward* v. *Houghton,* 82 Cal. 628 [23 P. 120], where the complaint failed to show that the resident corporation was "in any sense interested in [the] action" (p. 630); *Smith* v. *Smith, supra,* 30 Cal.App.2d 70, where the court found that the resident defendant, "a title company . . . sued as stakeholder of corporate stocks deposited by [the individual] defendant" with it (p. 71), had "been joined solely for the purpose of having the action tried in the county of its residence" (p. 72); *Sourbis* v. *Rhoads,* 50 Cal.App. 98 [194 P. 521], where it was stated that "a defendant . . . moving for a change of venue" was entitled to show that he was "the only real party in interest in the controversy," and that the plaintiff's claim against a codefendant was "a mere pretense" and nominally made "for the fraudulent purpose of" defeating a demand for a change of venue from "the county where the complaint [was] filed" (p. 101); and *Modlin* v. *Walter's Fur Shop,* 83 Cal.App.2d 384 [188 P.2d 805], where the "resident defendant was joined as defendant solely because he refused to be joined as plaintiff and no cause of action was stated as against him" (p. 387). Rather here, it appears (1) that a cause of action has been pleaded against President Lines; (2) that President Lines is a proper and necessary party defendant in the complete settlement of the controversy involved in this quiet title action; and (3) that President Lines, a foreign

corporation, maintains its place of residence in this state in the city and county of San Francisco. It follows that the trial court erred in granting respondents' motion for a change of venue to Los Angeles County. (*White* v. *Anderson, supra,* 50 Cal.App.2d 634, 636; *Dallman Supply Co.* v. *Sweet,* 86 Cal.App.2d 780, 784 [195 P.2d 864]; *Stokes* v. *Newsom,* 89 Cal.App.2d 147, 149-150 [200 P.2d 17].)

The order is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.