[Civ. No. 802.   Second Appellate District.—October 18, 1910.]

## E. G. RIDEOUT, Respondent, v. NATIONAL HOMESTEAD ASSOCIATION, Appellant.

CORPORATIONS — PROMOTION OF ARIZONA CORPORATION — DEBT OF PRO-MOTERS NOT SANCTIONED OR RATIFIED BY BOARD OF DIRECTORS.— Where the promoters of a corporation organized under the laws of Arizona, prior to its organization, authorized plaintiff to incur an indebtedness, which he incurred by an expenditure of money advanced after the articles of incorporation were filed naming its officers, but before any meeting of its board of directors, which neither sanctioned nor ratified the indebtedness, such indebtedness was that of the promoters, for which the corporation is not liable.

ID.—ARTICLES OF INCORPORATION NAMING OFFICERS—LAWS OF ARIZONA NOT PROVED—PRESUMPTION—DISREGARD OF NAMES.—In the absence of proof of the laws of Arizona, it will be presumed that they were similar to our own. In this state, the selection of corporate officers is not a matter within the power of the organizers, but is a duty devolving upon the board of directors; and the evidence in the record that the Arizona articles of incorporation named its officers may be disregarded.

ID.—RATIFICATION FROM BENEFITS — ESTOPPEL — PROOF OF ACTUAL KNOWLEDGE OF CONTRACT ESSENTIAL.—It is incumbent upon a party claiming the ratification of a debt of the promoters by the corporation or an estoppel to deny its authorization, from benefits received to show its actual ratification, or some affirmative act from which it may be inferred. Ratification thereof will not be presumed, even when the corporation has received benefits, unless actual knowledge of the specific contract out of which the benefits arose is made to appear; and the same knowledge is essential in considering the question of estoppel.

ID.—KNOWLEDGE BY INTERESTED DIRECTORS INSUFFICIENT TO CHARGE CORPORATION.—The knowledge of the contract of the promoters for

a debt to be incurred, by two of the directors directly interested in the contract, is insufficient to charge the corporation with ratification of the debt or estoppel to deny its authorization.

ID.—FINDING AGAINST EVIDENCE—DEBT OF PROMOTERS—REQUEST OF CORPORATION.—It is held that a finding that the money expended under the authority of the promoters was laid out and expended at the request of the corporation is against the evidence, which affirmatively shows that the same was the debt of the promoters only, and not of the corporation.

ID.—REMAINING INDEBTEDNESS INCURRED BY CORPORATION—AUTHORITY OF PRESIDENT AS MANAGING AGENT.—It is held that there is ample evidence to support the finding as to other indebtedness incurred through the president of the corporation, as managing agent, having general authority from the board of directors extending to all matters relating to the usual and ordinary conduct of its business, which included such indebtedness, the authority to contract which could properly be delegated by the board to its president.

ID.—CONTRACT FOR WEEKLY SALARY AND COMMISSIONS ON SALES OF CORPORATE STOCK—CONVEYANCE OF LAND AS BONUS.—Where the plaintiff was employed by the corporation for a weekly salary and commission on sales of corporate stock, upon the sale of which the corporation was to convey certain land as a bonus, the contract was not one for the sale of land, within the purview of subdivision 6 of section 1624 of the Civil Code, which only relates to contracts authorizing or employing an agent or broker to purchase or sell real estate for a compensation or commission.

ID.—VALIDITY OF PAROL CONTRACT.—Since by the employment of the plaintiff, he was to receive no commission or brokerage on account of the bonus given by the corporation to the purchasers of stock, and his contract was solely for a commission on the sales of corporate stock as an incident of his employment on salary as an agent of the corporation, such contract might properly rest in parol and be enforced against the corporation.

ID.—PROPER JUDGMENT FOR AMOUNT UNPAID.—Judgment against the corporation for the amount unpaid with reference to the services rendered under such contract was warranted.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Edw. L. Payne, for Appellant.

L. R. Wharton, and Louis W. Myers, for Respondent.

ALLEN, P. J.—Plaintiff sought to recover upon an alleged contract with defendant corporation through which he claimed $389.50 on account of money paid out for the use and benefit of the corporation, and $1,900, less a payment of $525, on account of services rendered. The court found in favor of plaintiff for each of the amounts claimed, the judgment aggregating $1,764.50. From the judgment and an order denying a new trial defendant appeals upon a statement settled and allowed.

The record discloses that the defendant corporation was organized under the laws of Arizona April 10, 1908; that the first meeting of the board of directors was held April 30, 1908. That prior to the organization of the corporation the promoters thereof authorized plaintiff to incur an indebtedness of $369.50; that after the filing of the articles of association, but before the first meeting of the board of directors, plaintiff personally paid the indebtedness so authorized by the promoters. There is nothing in the record tending to show any affirmative act by the board in connection with this indebtedness or its payment; nor any resolution or minutes in the meetings of the board from which ratification can be claimed. Nor is there anything in the record indicating that the corporation had any agents or anyone authorized to transact business in its name, other than the board of directors, before the 30th of April. The evidence in the record to the effect that the articles of incorporation named the officers may be disregarded. In the absence of proof to the contrary, it will be presumed that the laws of Arizona are similar to our own, and in this state the selection of the corporate officers is not a matter within the power of the organizers, but is a duty devolving upon the board of directors.

·Respondent's contention is that the services being for the benefit of the corporation, and the corporation having accepted such benefits, it is either estopped to deny the authorization, or that the acceptance of such benefits amounted to a ratification. It is incumbent upon a party claiming a resulting benefit to show actual ratification, or some affirmative act from which it may be inferred. Ratification will not be presumed, even when the corporation has received benefits, unless actual knowledge of the specific contract out of which

the benefits arose is made to appear (*Pacific Bank* v. *Stone,* 121 Cal. 202, [53 Pac. 634]), and the same knowledge is essential in considering the question of estoppel. (*Gribble* v. *Columbus Brewing Co.,* 100 Cal. 71, [34 Pac. 527].) The most that can be claimed in support of ratification or estoppel, from this record, is that two members of the board of directors had knowledge of the contract and the services, but nothing appears showing such knowledge upon the part of the other member of the board. In addition to this, the two members having notice were interested parties to the contract. We are of opinion, therefore, that neither ratification nor matter amounting to an estoppel as against the corporation appears in the record. The corporation, then, not having authorized the $389.50 payment, nor having ratified the contract or payment, it must follow that there is no evidence in the record to support the finding of the court that this money was laid out and expended by plaintiff at the instance and request of the corporation, but, on the contrary, it affirmatively appears that the same was a debt of the promoters for which the corporation is not liable.

There is evidence in the record ample and sufficient in support of the findings of the court with reference to the indebtedness arising on account of the services rendered after June, 1908. The contract with reference to these services was made by the president, and it is shown that the minutes of the board authorized the president "to make any contract he saw fit, to employ whom he pleased." While such general authority could only extend to matters relating to the usual and ordinary conduct of the corporate business, yet the contract under consideration here was a contract the authority to make which could properly be delegated by the board to the president.

It is insisted by appellant that the contract with plaintiff, which was one for the payment of a weekly salary and commissions on sale of corporate stock, was invalid under the provisions of subdivision 6 of section 1624, Civil Code. This subdivision only relates to agreements authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission. The mere fact of plaintiff being authorized to sell corporate stock under an agreement with the purchasers that certain land should be conveyed in the

nature of a bonus to such purchasers does not bring the contract within the purview of the subdivision last cited.   Plaintiff's employment was not to sell land, nor was he to receive any commissions or brokerage on account thereof; on the contrary, he was to receive a commission on account of the sale of corporate stock as an incident to his general employment upon a salary as an agent of the corporation.   We think this contract was such as might rest in parol, and that the judgment for the amount unpaid with reference to the service under such contract, was warranted.

In our opinion, the entire judgment as rendered exceeded the amount which should properly have been awarded to plaintiff to the extent of $389.50, and it is ordered that if the plaintiff, within thirty days from the filing hereof, shall file with the clerk of this court his written consent that the judgment of the superior court be modified by deducting the sum of $389.50 therefrom, leaving the judgment to stand for $1,375, together with interest thereon from August 4, 1909, and costs as therein provided, said judgment shall be modified accordingly and the judgment and order denying a new trial affirmed.   Otherwise and in case plaintiff fails to file such consent in writing, the judgment shall be reversed.   In any event, it is ordered that the appellant recover its costs on this appeal.

Shaw, J., and James, J., concurred.