[Civ. No. 1382.  Second Appellate District.—June 6, 1914.]

## J. H. SIMS, Jr., Respondent, v. WILL L. FREW, Appellant.

PRINCIPAL AND AGENT—RELATION BETWEEN LESSEE OF PREMISES AND PROMOTER OF AERONAUTICAL EXHIBITION.—Where the lessee of premises enters into a contract with the promoter of an aeronautical exhibition whereby the lessee is to furnish certain equipment and advance certain moneys for the enterprise, and the promoter is to promote the exhibition on a percentage basis, the relation of principal and agent is thereby established between the parties, and the lessee becomes liable for goods furnished for the enterprise upon the order of the promoter.

ID.—APPROVAL BY LESSEE OF EXPENDITURES—WAIVER OF PROVISION REQUIRING.—A condition in such contract that the lessee shall not be responsible for obligations incurred by the promoter, "unless the same have been sanctioned and approved" by him, is exclusively for the benefit of the lessee and subject to waiver by parol.

ID.—WAIVER OF CONDITION—WHAT CONSTITUTES.—The acceptance and payment by the lessee of many items of expense, incurred by the promoter without sanction or approval by the lessee, amounts to a waiver of such condition.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Andrew M. Strong, for Appellant.

H. S. Clewett, and Davis, Kemp & Post, for Respondent.

CONREY, P. J.—In this action the plaintiff recovered judgment for sums found to be due on accounts for merchandise sold and delivered to the defendant by plaintiff's assignors. From the judgment and an order denying defendant's motion for a new trial the defendant appeals.

There is no controversy over the correctness of the charges or the amount of the judgment. The goods were furnished on the order of one Dick Ferris and were charged to him, and the defendant's contention is that he occupied no relation to Ferris that would make him responsible for this indebtedness.

On the sixth day of December, 1911, the defendant Will L. Frew, as party of the first part, and Dick Ferris, as party of the second part, entered into a written contract concerning a proposed aeronautical exhibition to be held on Dominguez field in Los Angeles County during the following January. Frew was in possession of said premises as lessee thereof and desired to obtain the services of Ferris "to promote said meet and to act as and to bear the title of general manager, to secure publicity for said meet through the daily papers and magazines, to arrange for the services of competent press agents and to devote his entire time and energy toward the devising and carrying out of a plan for producing an important, attractive and entertaining exhibition, and to aid in causing the public to patronize the same." For this purpose the contract was written wherein Frew agreed to furnish for said meet the Dominguez field with certain equipment and to police the grounds and furnish the necessary ticket sellers, ushers and other attaches necessary to the enterprise. It was further agreed that "all other expenses incurred in conducting said meet, not to exceed the sum of ten thousand dollars, shall be advanced by said first party, and said first party shall be reimbursed by retaining from the first proceeds of the sale of admissions to said meet of every kind and nature, a sufficient amount to pay the same, not to exceed, however, the sum of $10,000." It was then provided that in the disbursement of the total income the first ten thousand dollars should be subject to "the expenses incurred by said party of the first part as above set forth," and the balance was to be paid out in percentages to various persons or classes of persons. This included ten per cent to Ferris "for his services as hereinafter set forth in this agreement," and the last remaining nineteen per cent thereof, together with all concessions of every kind and nature, was to be retained by Frew in compensation for the use of Dominguez field and for his personal services in conducting the exhibition. It was further stipulated that "said first party shall not be responsible in any way for any obligations, bills or contracts incurred or entered into by said second party, unless the same have been sanctioned and approved by said first party in writing."

Said exhibition was held from January 20 to 28, 1912, and the gross income slightly exceeded forty thousand dollars. A

few days later there was a settlement between Frew and Ferris resulting in the payment to Ferris of his percentage under the contract, the amount being based upon an assumption that the expenditures made or incurred under the ten thousand dollar clause of the contract had amounted to ten thousand dollars. There was a controversy over the accounts and it was known to both parties that there remained some outstanding bills. The defendant contends that he made that settlement in reliance upon the assurance of Ferris that the bills would not bring the total amount to above ten thousand dollars. It remains true, however, that at the time of making said settlement the defendant knew that there were outstanding and unpaid accounts pertaining to the business.

With possibly one small exception, the defendant knew that these goods were being ordered and he had this knowledge before they were delivered, but plaintiff's assignors were without knowledge of any agency relation between Frew and Ferris, and were without knowledge that Frew had anything to do with the business in question.

It is contended by appellant that Ferris was an independent contractor and not his agent; that therefore the acts and contracts of Ferris were his own and that for them he alone is responsible. It appears to us, however, that the relation established between the parties to that contract was that of principal and agent. Frew was to secure the services of Ferris for certain defined purposes and was to pay Ferris therefor in the manner described in the contract. The special provision made that Frew would not be responsible for obligations incurred by Ferris in connection with the services thus to be performed, "unless the same have been sanctioned and approved by said first party in writing," implies a recognition of the agency and the responsibility, subject only to the condition stated.

The condition that bills must be sanctioned and approved in writing was a condition made exclusively for the benefit of the defendant and could be waived by parol. (*Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 58, 62, [73 Pac. 740; *Wyman* v. *Hooker,* 2 Cal. App. 36, 41, [83 Pac. 79] ; *Ellsworth* v. *Knowles,* 8 Cal. App. 630, 633, [97 Pac. 690].) That this waiver took place is fully shown by the record. The defendant accepted and paid for many items of expense incurred by

Ferris without having sanctioned or approved the same in writing. This condition of the contract was disregarded from the beginning to the end of the business connected with this enterprise.

Finally it is contended that by reason of the settlement between defendant and Ferris and the payment to the latter of $2286.30, the percentage above mentioned, the defendant is exonerated from liability on these claims. Section 2335 of the Civil Code reads as follows: "If exclusive credit is given to an agent by the person dealing with him, his principal is exonerated by payment or other satisfaction made by him to his agent in good faith, before receiving notice of the creditor's election to hold him responsible." Assuming that if the moneys paid out by Frew, together with the then unpaid bills incurred by Ferris, had more than exhausted the ten thousand dollar fund, this defense would be sustained, we find that the total amount thus chargeable under the contract was less than ten thousand dollars, and that the balance remaining was sufficient to satisfy plaintiff's claims.

The sum of $10,179.86, paid out by the defendant and charged against this fund by the defendant, included $1159.30 of items which under the contract were not so chargeable. It is true that in the settlement between Frew and Ferris when said percentage was paid to Ferris, these items were allowed by Ferris. But at the time when plaintiff's assignors furnished the supplies included in their accounts, this modification of the contract was not in force. This being so, their rights are to be determined by the written contract, and they cannot be affected by a subsequent diminution of the amount reserved for the payment of such demands. The total amount of the accounts included in the judgment, exclusive of interest and costs, is only $939.65.

The judgment and the order denying a new trial are affirmed.

James, J., and Shaw, J., concurred.