[Civ. No. 6618. Second Appellate District, Division One.—November 2, 1931.]

M. I. WOLFE, Respondent, v. PAN AMERICAN BANK OF CALIFORNIA (a Corporation), Appellant.

Derthick & Hull, Derthick, Cusack & Ganahl, W. J. Cusack and Herbert Ganahl for Appellant.

Hutchinson & Hutchinson, Rohe & Freston and Freston & Files for Respondent.

Elbert W. Davis and J. H. Hoffman, as *Amici Curiae* for Edward Rainey, State Superintendent of Banks.

YORK, J.—This is an action against the Pan American Bank of California for money alleged to have been paid by plaintiff to a preorganization committee that was formed for the purpose of raising by way of subscription sufficient funds to create the corporation. This preorganization committee was authorized by the superintendent of banks of the state of California, on or about the thirty-first day of December, 1925, to sell to the public at large 20,000 shares of stock of the par value of $100 each, and that each subscriber who purchased such shares should pay the further sum of $50 for each share, which additional sum should form part of a surplus and contingent fund of $1,000,000. The superintendent of banks authorized the preorganization committee to function, and granted the right to use the name Pan American Bank of California, when the corporation was created. The articles of incorporation, when completed, were to be submitted to the superintendent of banks for his approval, prior to filing them with the Secretary of State of the state of California. This was carried out, and the corporate existence began on December 27, 1926. It is alleged that on or about the fifteenth day of December, 1926, the plaintiff entered into an oral agreement with the said preorganization committee, wherein it was agreed that if the plaintiff herein would subscribe, or agree to purchase, $25,000 of the capital stock of the defendant corporation (the same to be organized and created in the future), at $150 per share, the defendant corporation when formed would elect the plaintiff a vice-president and director of its bank, and place him in the position of manager of its savings department at a salary of $6,000 per annum, payable $500 per month, his services to begin when said bank opened and began doing business. It was further alleged that in pursuance of this agreement (which was oral, and which was made with less than one-half of the members of the preorganization committee which consisted of at least twenty

members), and in performance of the same, plaintiff on or about the fifteenth day of December, 1926, agreed to purchase $25,000 of the capital stock of the defendant corporation to be created in the future, at an agreed price of $150 per share, it being agreed at the same time that the plaintiff should pay one-third of the amount subscribed, the balance to be paid when he was elected vice-president and director of the said bank and installed as manager of the savings department of said bank at an agreed salary of $6,000 per annum, payable $500 per month, upon receiving ten days' notice from said bank.

The court found that, pursuant to the terms and conditions of the said oral agreement, the plaintiff paid to the preorganization committee the sum of $8,550, receiving therefor from the said committee a written receipt, receipting for said money so paid, and providing therein that upon the creation of defendant bank, said defendant bank would deliver to plaintiff fifty-seven shares of its capital stock. (This receipt did not · refer to the so-called contract of employment.) The court found that the said sum of $8,550 was slightly in excess of one-third of $25,000, and that just prior to and at the time plaintiff paid said sum, it was determined that plaintiff could not pay one-third of $25,000 and receive an even number of shares of stock therefor, and it was therefore agreed between plaintiff and the preorganization committee that the said sum of $8,550 should represent plaintiff's first payment under said oral agreement upon the stock subscribed for by him. The organization of the bank proceeded, and the Pan American Bank of California came into existence on the twenty-seventh day of December, 1926. The court found that, on or about the thirtieth day of December, 1926, the defendant corporation accepted, adopted and approved the oral agreement entered into by the plaintiff herein and the said preorganization committee, practically as has been set forth herein.

The court also found that the directors of the corporation had knowledge on or about the thirtieth day of December, 1926, of the said agreement and of its terms and conditions, and knew that the plaintiff had performed his part of the agreement, to wit, the payment of the sum of $8,550. The only evidence of such action or knowledge by said corporation was that only a few of the directors had knowledge of such oral promise on the part of some members of the committee.

Plaintiff from time to time requested that he be installed in such position, and it was promised by officials of the bank from time to time that the bank would perform the oral agreement, if any vacancy occurred. Finally, on the eighteenth day of April, 1928, the plaintiff served a notice of rescission upon the defendant corporation rescinding and canceling the alleged oral agreement between himself and the said defendant corporation, and tendered to the defendant bank the fifty-seven shares of its capital stock, demanding back from the defendant the sum of money he had paid therefor, to wit, $8,550. He also demanded seven per cent interest thereon from the twenty-third day of December, 1926. This tender was refused by the bank.

The court also. found that the plaintiff held himself ready to accept the position plaintiff says he was to have, at any time, but that the defendant failed, refused and neglected to appoint him to such or any position; and the court found that at no time between December 31, 1926, and the eighteenth day of April, 1928, did the plaintiff seek or receive employment from anyone.

On plaintiff's second cause of action, the court found that plaintiff had been damaged by reason of the defendant company's failure, neglect and refusal to perform the terms and conditions of the said oral agreement. in the sum of $8,596.22. Judgment was thereafter entered for the sum of $9,810.15, with interest at seven per cent per annum from February 4, 1929, on plaintiff's first cause of action, and for the sum of $8,596.22, together with interest at seven per cent per annum from February 4, 1929, on plaintiff's second cause of action.

Before the organization of the bank itself, the pre-organization committee was not authorized, and could not have been authorized, to make any such oral contract of employment. (*Robinson* v. *Contra Costa County Bldg. & Loan Assn.*, 112 Cal. App. 252 [296 Pac. 922]; *Rideout v. National Homestead Assn.*, 14 Cal. App. 349, 351 [112 Pac. 192].) The Pan American Bank itself could only acquiesce in or make such a contract by the *regular* action of its *board of directors*.

The notice of rescission, upon which plaintiff's right to recover on his first cause of action is based, was predicated upon the failure of the bank to elect the plaintiff vice-

president and director of the bank, and place him in the position of manager of the savings department of the bank at a salary of $6,000 per annum. Said notice of rescission in reciting the terms of the contract recites the fact that the plaintiff was to be elected to such position if he would subscribe in writing for the sum of $25,000 capital stock of the said bank. Thereafter in said notice it recites the fact that he purchased fifty-seven shares of the stock paying only the sum of $8,550 on account thereof. In the next paragraph of said notice, it is recited that the plaintiff has performed all the terms and conditions of the said verbal agreement *incumbent upon him to perform.* (Italics ours.) It does not, however, recite that the plaintiff did actually subscribe in writing for the said sum of $25,000 of the capital stock.

■ Plaintiff alleges that he received fifty-seven shares of the capital stock of the bank and paid to the corporation therefor the sum of $8,550 on or about the twenty-third day of December, 1926, which date was a date before the organization of the bank had been completed. The board of directors having failed to ratify the agreement to place the plaintiff in the position, and such failure to so place the plaintiff being the ground of the rescission, the plaintiff cannot recover upon his first cause of action.

His second cause of action for the salary of such position during the time he held himself in readiness to fulfill the duties of such position, for the same reason, would not be sufficient upon which to predicate a judgment against the defendant.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 30, 1931, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 31, 1931.