[Civ. No. 10532. First Appellate District, Division One.—December 23, 1938.]

W. LINDLEY ABBOTT, Respondent, v. LIMITED MUTUAL COMPENSATION INSURANCE COMPANY (a Corporation), Appellant.

Edgar C. Levey, Booth B. Goodman and A. Dal Thompson for Appellant.

Jesse H. Miller for Respondent.

GRAY, J., *pro tem.*—Limited Mutual Compensation Insurance Company, a corporation, appeals from the judgment following the verdict which awarded respondent the sum of $3,055 for legal services. Of the numerous grounds urged by appellant for a reversal, only such as are vital will be considered as the facts are unfolded.

The original complaint, in alternative counts of *assumpsit*, account stated and open book account, alleged that appellant and another defendant, Mutual Management Corporation, were indebted to respondent in the sum of $5,000 for work, labor and services performed by respondent for both defendants and each of them at the special instance and request of both and each of them. The bill of particulars, furnished by respondent, set forth the items of the indebtedness as follows:

"(1) April–June 1932;
 To services rendered in organization of Limited Mutual Compensation Insurance Company before incorporation...............$1,000.00
(2) June–1932 to December 1932;
 To services rendered in actual incorporation matters, Limited Mutual Compensation Insurance Company.....................$1,000.00
(3) April 1932–December 1935;
 To conferences, consultations and advice, Limited Mutual Compensation Ins. Co....$1,000.00
(4) August–1933 to May 1934;
 To services rendered in incorporation of Mutual Management Corp., including reorganization matters, stock issue, attending meetings as a director and otherwise.......$500.00

(5) November 1935
To services rendered in case of Boardman vs.
Brown and Mutual Management Corp.....$1,000.00
(6) May–November 1935
To services rendered Mutual Management
Corp., in connection with 'Piver Loan' ......$150.00
(7) December 1935
To directors fees unpaid and balance of re-
tainer for December 1935, Limited Mutual
Comp. Ins. Co.........................$55.00

Total ..............................$4,705.00''

■ The complaint charged both defendants with a joint and several debt of $5,000 but the bill of particulars, by segregating the items of the indebtedness as to each defendant, stated that appellant was only severally indebted in the sum of $3,055. The bill of particulars amplified the complaint, as if incorporated therein, and limited respondent's recovery to the claims therein stated. (*Millet* v. *Bradbury*, 109 Cal. 170 [41 Pac. 865] ; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25].)

During the presentation of his evidence, respondent, by amendment, changed his third cause of action from an open book account to a mutual, open and current account. At the conclusion of his case, respondent, by leave of court granted over appellant's objection, dismissed the action as to the codefendant Mutual Management Corporation, and filed an amended complaint, which alleged, in alternative counts of *assumpsit* and a mutual, open and current account, that appellant was indebted in the sum of $3,055 for work, labor and services rendered to it at its special instance and request. ■ In an action on a contract, when it appears from the pleadings or the evidence that any defendant is not liable or necessary to a determination of the controversy, he may be dismissed from the action, provided a remaining defendant is not thereby prejudiced. (18 Cal. Jur. 1164.) Such dismissal may be allowed at any time before the submission of the case to the jury. (*Brown* v. *Harter*, 18 Cal. 76.) ■ Liberality in the allowance of an amendment to a pleading is the rule rather than the exception; and in a case where such an amendment can be made in furtherance of justice without jeopardizing the rights of an adverse party,

it should be allowed. This, of course, assumes that neither the cause of action nor the issues involved therein will be radically changed by the proposed amendment. (*Mackroth* v. *Sladky*, 27 Cal. App. 112 [148 Pac. 978].) ■ The amended complaint differs from the original, as previously amended, only in the abandonment of the second cause of action upon an account stated, in the elimination of the co-defendant as a party and in a decrease in the amount of appellant's indebtedness. In effect it charges appellant with an individual debt instead of a joint and several obligation. The issues tendered by the amended complaint conform to the bill of particulars. Similar amendments have been held not to change the cause of action. (*United States Farm L. Co.* v. *Bennett*, 55 Cal. App. 299 [203 Pac. 794]; *Bryant* v. *Wellbanks*, 88 Cal. App. 144 [263 Pac. 332].)

■ Appellant argues that the change in the issues was prejudicial, because the original complaint compelled it to defend against a joint and several debt of itself and codefendant, whereas the amended complaint forced it to meet its own several obligation. But it could not have been so injured as the bill of particulars gave it advance notice of the true nature of respondent's claim. (*Ames* v. *Bell*, 5 Cal. App. 1 [89 Pac. 619].) The dismissal and amendment simplified the issues to its benefit. ■ It further argues that respondent, prior to the amendment, so presented his evidence as to the rendition of services to both defendants that it was impossible for the jury, in obedience to the court's order striking out the testimony as to the codefendant, to segregate from the whole such portion as affected it alone, and therefore it must have included in its verdict an allowance for services for which it was not liable. The verdict conforms exactly to the total of the first, second, third and seventh items of the bill of particulars, which are charged against appellant. Respondent's testimony segregates his services in conformity with the bill of particulars.

■ The first item of the bill of particulars amounting to $1,000 is clearly for services rendered prior to appellant's coming into being by incorporation. The undisputed testimony shows that such services were performed at the request of a promoter of the corporation and upon his promise, with the knowledge and acquiescence of another promoter, that the corporation, as soon as it was financially able so to do, would pay their reasonable value. These promoters with respondent

subsequently became members of appellant's board of five directors. Appellant is not liable to respondent upon such promoters' contract unless it adopted such contract after its incorporation. (*Biggart* v. *Lewis,* 183 Cal. 660 [192 Pac. 437].) ■ To prove such adoption, the evidence must show some affirmative act by the corporation from which it may be inferred. Receipt of benefits from the performance of the contract without actual knowledge of its terms is insufficient. Knowledge of a director directly interested in the contract is insufficient to charge the corporation. (*Rideout* v. *National Homestead Assn.,* 14 Cal. App. 349 [112 Pac. 192].) Knowledge of a promoter, who subsequently becomes a director, cannot be imputed to the corporation. (*Kiefhaber Lumber Co.* v. *Newport Lumber Co.,* 15 Cal. App. 37 [113 Pac. 691].) Respondent did not seek to prove adoption of the contract by formal corporate action, but by knowledge and acquiescence of its directors.

■ Respondent and the director, who, as promoter, had originally hired him, each stated that the former, at an informal meeting of the five directors, requested consideration of his claim for past services. Respondent further testified that, in response to this director's inquiry, he had given his opinion of a reasonable fee, and that thereupon "they said, 'We think that is reasonable . . . when we make enough money we will pay you . . . ' '', and that the directors signified the arrangement was satisfactory. The force of this later statement was weakened by his answer to a query as to the manner in which the directors signified their satisfaction, that he remembered the director who had been the other promoter saying that is fair enough. On cross-examination, he further stated: "The idea was I was to be compensated for my services in a substantial manner, for the work I had done . . . " The first director testified: "Mr. Abbott again brought up the subject of his remuneration and we again reiterated our position at that time that at the time the corporations had begun or had functioned for a sufficient period to have accumulated sufficient funds for the purpose—that Mr. Abbott would be compensated for his services." The second director did not remember any discussion of respondent's compensation. This testimony was incompetent, as the witnesses' conclusions, but there having been no objection thereto, is sufficient to establish the corporation's adoption of the promoters' hiring of respondent. (*Williams* v. *Hawley,*

144 Cal. 97 [77 Pac. 762]; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461 [168 Pac. 1037].)

Appellant contends that the use of the word "incorporation" in the second item of the bill of particulars shows that the services therein included were performed in the formation of the corporation, and therefore fall within the same category as those previously covered in the first item. Although there is a distinction between the words "incorporation" and "corporation" in that the former means the act by which the latter is created, yet the words are frequently confused in use. (*Toledo Bank* v. *Toledo,* 1 Ohio St. 622, 642.) But the specification of a period subsequent to appellant's incorporation as the time during which the services were performed indicates that such services were not rendered in the creation of the corporation, but to it afterwards. However, respondent, in support of this item, testified as to services performed for the corporation, after its incorporation, without any objection from appellant that such testimony related to services not included within this item of the bill. It is clear, therefore, that appellant was not misled as to the sense in which the word "incorporation" was used.

Approximately a year after appellant's incorporation the same promoters caused the incorporation of Mutual Management Corporation, which, under contract, managed the affairs of the former. Both corporations had the same directors, shared the same offices and employed respondent as attorney. The latter had his offices in the corporations' building. The relation between the corporations necessarily caused their affairs to be interwoven. Respondent constantly advised each as to legal matters in which each was interested. The third item in the bill of particulars relates to legal services of such nature. Respondent, while admitting difficulty in allocating his charges between the two corporations, did enumerate numerous items of services performed for appellant. To reiterate this testimony would unprofitably extend this opinion to tedious lengths. Appellant also claims that respondent exaggerated the importance and value of his services and that his receipt of a monthly retainer and the amount of bills rendered fully paid him. These claims present questions of fact and not of law. It is futile to review the evidence relative thereto as it would only develop a conflict in the testimony upon which the verdict is conclusive.

Appellant admits that the evidence establishes that there is due respondent the sum of $30 for unpaid director's fees and the sum of $25 as balance on his monthly retainer, but it argues that, as these obligations arise from express contracts, they cannot be recovered in *assumpsit*. Since the contracts have been fully performed by respondent and nothing remains but payment of his fee, he need not declare on the contract but may recover in *assumpsit*. (*Castagnino* v. *Balletta*, 82 Cal. 250 [23 Pac. 127].)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 21, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1939.