[Civ. No. 17024.   Second Dist., Div. Two.   Oct. 19, 1949.]

COMMERCIAL LUMBER COMPANY, INC. (a Corporation), Appellant, v. UKIAH LUMBER MILLS (a Corporation), Respondent.

Rosenthal & Chatinover for Appellant.

Hale McCowen and Julius V. Patrosso for Respondent.

WILSON, J.—From a judgment in favor of defendant Ukiah Lumber Mills in an action brought to recover the balance alleged to be due under a written agreement, plaintiff appeals. Plaintiff has also purportedly appealed from the order denying its motion for a new trial.

The circumstances surrounding the transaction involved are as follows:

Plaintiff and defendant Lyons entered into a written agreement on or about April 9, 1946, whereby plaintiff loaned Lyons the sum of $15,000 and the latter agreed to ship and deliver to plaintiff approximately five million feet of lumber at the rate of five or more railroad carloads per week, the first shipment to commence on or before May 24, 1946. Plaintiff was to be allowed a credit deduction of $3.00 per thousand feet of lumber shipped and delivered until the loan had been paid in full. In the event the weekly shipments were not received by plaintiff the balance due was to be repaid on demand.

Prior to and at the time the agreement was entered into it was the understanding of the parties that Lyons was to form a corporation, erect a sawmill at Ukiah, California, and immediately commence the shipments of lumber to plaintiff in accordance with the agreement. The loan was made to give Lyons capital for this project.

About a week after the execution of the agreement Lyons, in association with John S. Bateman, acquired an existing corporation and caused its name to be changed to Ukiah Lumber Mills. He used part of the $15,000 received from plaintiff to purchase timber, turned the balance over to the corporation and on June 17, 1946, 125 shares of stock were issued to him and his wife jointly. Bateman invested $4,000 in the corporation, for which he received 200 shares of stock; he was to receive $400 a month for his services, which he agreed to take in stock, and he turned over to the corporation certain machinery owned by him in return for which it was understood he was to receive a reasonable price.

Lyons and his wife, Mabel Lyons, and Bateman were elected directors and at the same time Mabel Lyons was elected president, Lyons was elected secretary-treasurer and Bateman vice-president. In December, 1946, Bateman sold his stock and

Mr. and Mrs. Lyons sold 75 shares of their stock to Messrs. Goforth and McGah. As a result of the transaction Mabel Lyons ceased to be a stockholder and resigned as director and president; Bateman resigned as director and vice-president. Messrs. McGah and Goforth were elected directors, McGah becoming president and Goforth vice-president. Lyons continued as a director and secretary-treasurer until September, 1947, at which time he resigned and John P. O'Shea was elected to those offices.

The transaction between plaintiff and Lyons was never entered upon the books of account of the defendant corporation or reflected upon its financial statement and no mention of the agreement appears in the minute book. The evidence is undisputed that at no time did Lyons disclose to the new officers of the corporation the agreement he had entered into with plaintiff. On the contrary, he took pains to conceal the transaction.

The first shipment of lumber was made to plaintiff in March, 1947, and several additional shipments were made between that time and July, 1947. Both Lyons and Goforth testified that the lumber shipped to plaintiff was billed at prevailing market prices and there was no credit or deduction noted on the invoice. However, when plaintiff remitted for the invoices it accompanied the payment with a memorandum wherein $3.00 was deducted from the net purchase price for each one thousand feet of lumber shipped. Lyons concealed these payment memoranda from the other directors and officers. Goforth first learned of the agreement in July, 1947, when he discovered that plaintiff's account was in arrears and called regarding it. Following this Lyons was discharged as an officer.

Plaintiff contends that (1) defendant Ukiah Lumber Mills expressly adopted, ratified and confirmed the agreement with plaintiff or impliedly did so by its voluntary acts and conduct in performing under it and accepting and retaining the benefits thereof with full knowledge; (2) defendant Ukiah Lumber Mills is liable because it was the *alter ego* of Lyons; (3) there was prejudicial error in the exclusion of certain evidence; (4) there was an abuse of discretion in denying plaintiff's motion for continuance and (5) the findings of fact and conclusions of law are inconsistent and are not supported by the evidence.

Plaintiff concedes that at the time of the execution of the contract Lyons was a stranger to the defendant corporation and was not its agent for any purpose. It does, however, main-

tain that after Lyons acquired the corporation it either expressly or impliedly ratified the agreement; that express ratification took place before December, 1946, when McGah, Goforth and O'Shea became interested in or connected with the corporation, and at a time when Lyons was for all practical purposes, insofar as third persons were concerned, the corporation.

This contention is based upon the hypothesis that Lyons and his wife owned 125 out of a total of 145 shares of the corporation's issued and outstanding capital stock; that they were directors constituting two thirds of the membership of the board of directors; that neither Mrs. Lyons nor Bateman, who owned the other 20 shares of stock and was the remaining director, took any active part in the business or financial affairs of the corporation, both of them having authorized Lyons to arrange for and take care of its sales, financing and general supervision; that thereby Lyons had the authority to bind the corporation and did so by expressly ratifying the contract in stating to plaintiff's agent that the corporation would fulfill the provisions of the agreement or pay back in full the monies loaned.

Since it is undisputed that there is no record on the books of the corporation of the contract between Lyons and plaintiff or the ratification thereof, plaintiff cannot recover from the corporation unless (1) the corporation is the *alter ego* of Lyons and therefore his acts were the acts of the corporation or (2) there was an implied ratification by the corporation.

The complaint contains no allegations raising the issue of the *alter ego* relationship between Lyons and the defendant corporation nor any facts which would justify a finding that the corporation was the *alter ego* of Lyons. Plaintiff contends the issue is raised by the answer of Lyons but that answer cannot be so construed. Moreover, since the purpose of the doctrine is to prevent fraud, it would not be available to Lyons, who was the actor in the transaction, for the purpose of fastening his liability upon the corporation.

The trial court in its summation stated that plaintiff had raised the question of *alter ego* and other theories which it did not plead; that the court would permit plaintiff to amend its complaint. Thereafter the court decided that issue against plaintiff. The complaint was not amended and the issue is not covered by the findings. Plaintiff maintains that since the court had found against it, it would have been an idle act to

amend and that the court erroneously made no written finding with respect thereto after making its oral decision. The record shows that the findings were served upon plaintiff on June 22, 1948, and the judgment was not filed until July 26, 1948. The record does not indicate that amendments to the findings were proposed by plaintiff. Plaintiff having declined to amend its complaint to raise the issue and having made no objection to the findings, cannot now complain since it is not necessary that the findings go beyond the pleadings. The issue not having been properly raised is not before this court.

Plaintiff's contention that there was an implied ratification of the contract by the defendant corporation is likewise untenable. Lyons used part of the $15,000 received from plaintiff to pay for the construction of the mill and to buy timber which was turned over to the corporation. Thereafter he caused stock to be issued therefor which became a liability upon the books of the corporation. The fact that the permit from the Corporation Commissioner specified that the shares be sold for cash does not affect the situation as between plaintiff and the defendant corporation. Plaintiff loaned $15,000 to Lyons upon his credit. At the time the transaction was entered into Lyons had not acquired the corporation and therefore was not its agent. The agreement was signed by him individually. Thereafter Lyons turned over certain assets to the corporation, including the lumber and the balance of the $15,000 he had borrowed from plaintiff and he received therefor 125 shares of stock.

Furthermore, even had the corporation received the benefits of the contract, ratification will not be presumed unless the corporation had actual knowledge of the specific contract out of which the benefits arose. (*Rideout* v. *National Homestead Assn.*, 14 Cal.App. 349, 351 [112 P. 192]; *Abbott* v. *Limited Mut. Comp. Ins. Co.*, 30 Cal.App.2d 157, 163 [85 P.2d 961].) The only person having actual knowledge of the transaction was Lyons. Bateman testified he had no knowledge of the contract at any time and when at his request Lyons submitted a financial statement of the corporation in September, 1946, it contained no reference to the contract or any notation of any indebtedness due to plaintiff from the defendant corporation. Lyons' knowledge of the transaction cannot be imputed to the corporation. The knowledge of a director who is directly interested in the contract is insufficient to charge the corporation and knowledge of a promoter who subsequently

becomes a director cannot be imputed to the corporation. (*Abbott* v. *Limited Mut. Comp. Ins. Co., supra; Kiefhaber Lumber Co.* v. *Newport Lumber Co.*, 15 Cal.App. 37, 41 [113 P. 691].)

Plaintiff maintains that the court erred in excluding evidence as to defendant Ukiah Lumber Mills which was admitted as to defendant Lyons. The evidence in question related to statements and admissions of Lyons which, plaintiff asserts, would sustain their contention that Lyons was acting as the authorized agent of the defendant corporation and that there was a ratification of the contract. A review of the evidence adverted to does not establish that Lyons at any time possessed actual or ostensible authority to adopt or ratify the contract on behalf of the corporation. The most that can be said is that by his statements to plaintiff's agent, Lyons led him to believe that the corporation had accepted the agreement when in fact it had no knowledge of the transaction.

Plaintiff's next contention is that the court erred in denying its motion for a new trial since there was an abuse of discretion in denying its motion for a continuance of the trial upon the ground of the illness of ''plaintiff's attorney.'' The record discloses that plaintiff was represented by a law firm; that the case was tried by the member of the firm who had signed the complaint and who presumably had knowledge of the facts at the time he drew the pleading. The member of the firm for whose illness the continuance was requested attended the trial and appeared as a witness. Furthermore, a review of the record indicates that plaintiff was well represented and that the case was ably and competently tried. Plaintiff was in nowise prejudiced by not having been granted the continuance requested and there was no abuse of discretion upon the part of the trial court in refusing to grant a new trial upon that ground.

Finally plaintiff contends that the findings of fact and conclusions of law are inconsistent and not supported by the evidence in that the court allowed defendant Lyons a credit of $1,162.72, as a repayment on account of the $15,000, for sales and shipment of lumber which was billed at the current market price. Plaintiff pleaded a credit of $1,162.72 as a deduction from the $15,000 and prayed for judgment in the sum of $13,883.28. Since it has recovered a judgment against Lyons for the amount prayed for there is nothing inconsistent in the findings.

Judgment affirmed. The appeal from the order denying a new trial, which is a nonappealable order, is dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 4, 1949, and appellant's petition for a hearing by the Supreme Court was denied December 15, 1949. Carter, J., voted for a hearing.