[Civ. No. 18627.   Second Dist., Div. Two.   Dec. 6, 1951.]

MARTHA J. PETERSON, Respondent, v. JOHN M. RYAN, Defendant; ROBERT RAY MILLMAN et al., Appellants.

Byron R. Bentley for Appellants.

Charles A. Thomasset and Lee D. Mathews for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for money had and received, defendants appeal.

There is also a purported appeal from the order denying the motion for a new trial.

The evidence being viewed in the light most favorable to plaintiff (respondent) discloses these facts:

Defendants Grieder and Millman are real estate brokers as is also their codefendant John M. Ryan. The first two named defendants maintained a real estate office under the name of Calreal Company. Defendant Ryan worked out of the office. He turned over 30 per cent of commissions he earned to defendants in return for desk space, telephone service and insofar as the office was concerned complete overhead.

All business transacted by defendant Ryan was on forms provided by his codefendants upon which appeared the firm's name, Calreal Company, and all commissions were payable to Calreal Company.

On or about January 14, 1949, defendants Millman and Grieder placed an advertisement in the Southwest Wave as follows: "Units—Doubles—Flats. Call us for best investments. Calreal TW-4335." Sometime in January plaintiff read the advertisement and called the Calreal Company. She talked to defendant Grieder who asked her to come to the office on Sunday. She did not go and on Monday said defendant called plaintiff, stated he was very busy, and would be unable to show her any property but that he would send out one of his men.

The same afternoon defendant Ryan appeared at plaintiff's home. He showed her various properties and finally a parcel of improved realty which plaintiff agreed to buy. The purchase price was $18,000 of which $5,000 was to be a down payment. Plaintiff made a check payable to Calreal for such amount which was torn up since she lacked $50 in her bank account to cover it. She then wrote another check for $4,900 payable to Calreal Company which defendant Ryan induced her to cancel and make out one in his name, stating he would hold the check in the real estate office until the property went through escrow.

However that afternoon defendant Ryan cashed the check telling plaintiff when the bank called her that he would be right over and explain why he wanted to cash the check at

that time. This was on Thursday. Defendant Ryan failed to appear that or the next day and plaintiff called the Calreal office on three occasions, asked for defendant Ryan and was told by defendant Grieder that he was out showing real estate.

On Saturday plaintiff again talked with defendant Grieder and was informed that defendant Ryan had not come in. Then defendant Grieder asked plaintiff, "Are you still interested in that piece of property?" to which plaintiff replied that she had made a down payment on it. Defendant Grieder then stated, "That was cancelled," to which plaintiff replied that she had written a check to Mr. Ryan and he had the money. Mr. Grieder then expressed surprise and said he would come to plaintiff's house, which he did bringing Mr. Millman with him. At plaintiff's home Mr. Grieder stated he was very much surprised, that Mr. Ryan was honest and dependable, that he thought something might have happened to delay him, and he was sure all would be right and asked plaintiff not to do anything until the following day.

Plaintiff called Mr. Grieder on Monday and he told her he had not heard from Mr. Ryan, whereupon plaintiff told him she thought she had better do something about it.

Plaintiff did not see Mr. Ryan again until he was arrested, after he had spent the entire sum of money which he had obtained from her.

■ *Questions*: First: *Was there substantial evidence to sustain the trial court's finding that defendant Ryan was the agent for his codefendants?*

*Yes.* Clearly from the evidence set forth above the trial court was justified in drawing the inference that defendant Ryan was the agent of his codefendants. Hence this finding is binding upon an appellate court. ■ The applicable rule is succinctly stated by Mr. Justice Schauer in *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20], as follows: "When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court . . . Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the findings."

■ Second: *Was plaintiff barred from recovering because of her own negligence in her dealings with Mr. Ryan?*

*No.* According to the evidence set forth above the trial court was justified in finding plaintiff had acted as a reasonably prudent person in dealing with defendant Ryan as the agent of his codefendants.

The judgment is affirmed. The order denying a new trial being nonappealable, the purported appeal therefrom is dismissed. (See cases cited in 6 West's Cal.Dig., 1951 Appeal and Error, § 782, p. 78.)

Moore, P. J., concurred.

A petition for a rehearing was denied December 26, 1951.