113 Cal.App.2d Supp. 907 (1952)
FRYE AND SMITH, LTD. (a Corporation) et al., Respondents,
v.
WILLIAM A. FOOTE et al., Appellants.
California Court of Appeals. 
Aug. 21, 1952.
 J. A. Hamman, Thomas Sherrard and F. W. Powell for Appellants.
 Miller, Higgs & Fletcher for Respondents. [113 Cal.App.2d Supp. 909]
 BURCH, J.
 Plaintiffs, Frye and Smith, Ltd., a corporation, and Roy H. Jasper and Agnes G. Jasper, doing business as Jasper's Mailing Service and Motor Service and Motor Vehicle Publishing House, with others who have since dismissed, filed their verified complaint in several counts for goods and services rendered, the value thereof, and on open accounts therefor, and had judgment thereon. The several defendants against whom the judgments were rendered were The Yale Foundation, a corporation, The Church of the Merciful Saviour, an unincorporated association, and The Church of the Merciful Saviour, a corporation. Frye and Smith had judgment for $1,219.19 and Roy H. Jasper and Agnes Jasper for $1,531.32, each judgment running against all the defendants. The defendants appeal.
 No question is raised that the charges are incorrect in amount or that the goods and services were not rendered. Defendants chiefly maintain that their relation to plaintiffs were such as to absolve them from liability.
 The Yale Foundation authorized its codefendant, William A. Foote, to incur the obligations which might be necessary in promoting a public subscription campaign to raise $1,500,000 with which to build and maintain a 500-bed hospital on lands owned by it. It was planned that the subscription begin December 1, 1949. On or before September 1, 1949, the foundation employed Foote, set up offices for him in their building on the grounds where it was proposed to build the hospital, and agreed to furnish the funds to defray initial expenses, looking to the start of the subscription campaign.
 Mr. Foote entered upon his duties and incurred indebtedness which the foundation liquidated. Anticipating sales resistance should the campaign be conducted under the sponsorship of The Yale Foundation, the officers and directors of that corporation organized themselves as an unincorporated association about July 23, 1949, under the name of The Church of the Merciful Saviour, which was publicized as the sponsor, and acted as such until a corporation of the same name could be organized by the same persons. The association, though itself without funds or property, so operated until the defendant, The Church of the Merciful Saviour, a corporation, was organized on December 29, 1949. In the meantime, the association was held out as the sponsor, received some funds from The Yale Foundation, and paid bills incurred by Foote with plaintiffs and others under his contract of employment with The Yale Foundation. Other bills, including those of [113 Cal.App.2d Supp. 910] plaintiffs now in suit, were not paid because The Yale Foundation found itself financially unable to effect its promise as to most of the charges incurred after the first six weeks of the precampaign period. The wide contact and extensive publicity effected by defendant Foote in furtherance of his duty to the foundation created a good will for the subscription campaign which was destroyed by the financial embarrassment of the foundation which, in turn, caused it to breach its promise to pay the bills incurred by defendant Foote. As a result, the whole enterprise came to naught.
 It was estimated variously that the precampaign expenses would require advances from $4,500 to $8,000 before funds from subscribers would be available. There was, however, no contract as to this. The important consideration in this connection is that defendant Foote made known to The Yale Foundation that there would be these expenses, that Foote was without means, and the Foundation agreed to pay them. (Thomas v. Moody, 57 Cal. 215.) During all the times that the bills of plaintiffs were being incurred, the officers and directors of the foundation and the unincorporated association were made fully acquainted with and acquiesced and approved of Mr. Foote's activities and the persons with whom he was transacting the business.
 Section 2316 of the Civil Code provides that:
 "Actual authority is such as a principal intentionally confers upon the agent [i. e. express authority], or intentionally, or by want of ordinary care, allows the agent to believe himself to possess [i.e. implied authority]." (See, also, Restatement of the Law of Agency, 7, 26.)
 [1] The agency rested partly in parol and was fully evidenced by defendant Foote who was competent to testify as to the fact. (Boone v. Hall, 100 Cal.App.2d 738 [224 P.2d 881]; Syar v. United States Fid. & Guar. Co., 51 Cal.App.2d 527, 531 [125 P.2d 102]; Shields v. Oxnard Harbor Dist., 46 Cal.App.2d 477, 488 [116 P.2d 121].)
 [2] The above evidence suggests that The Yale Foundation intentionally and expressly conferred on Foote the authority to enter into the agreements with plaintiffs, and would justify the judgment of the court below in favor of plaintiffs against The Yale Foundation. (See Civ. Code, 2316; Sims v. Frew, 24 Cal.App. 725 [142 P. 106]; Peterson v. Ryan, 108 Cal.App.2d 41 [238 P.2d 117].)
 [3] The Church of the Merciful Saviour had no interests adverse to The Yale Foundation and might also (2 Cal.Jur.2d [113 Cal.App.2d Supp. 911] 659, 11) and did, in fact, expressly authorize defendant Foote to incur obligations to plaintiffs and others whom Foote contacted as its representative. [4] Moreover, it acknowledged the indebtedness and undertook to liquidate it as its own. At meetings of its board of trustees and in conferences with its officers it was fully advised by defendant Foote of the nature and extent of his business activities with plaintiffs and others. The judgment against it is justified in these circumstances.
 [5a] The judgment against The Church of the Merciful Saviour, a corporation, can only be supported by evidence that it knowingly accepted the benefits of the goods and services furnished by plaintiffs. (Scadden Flat G. M. Co. v. Scadden, 121 Cal. 33, 38 [53 P. 440]; White v. Kaiser-Frazer Corp., 100 Cal.App.2d 754, 760 [224 P.2d 833]; El Rio Oils, Ltd. v. Pacific Coast Asphalt Co., 95 Cal.App.2d 186 [213 P.2d 1]; Rideout v. National Homestead Assn., 14 Cal.App. 349 [112 P. 192]; Biggart v. Lewis, 183 Cal. 660 [192 P. 437]; Peek v. Steinberg, 163 Cal. 127 [124 P. 834]; Michell v. Grass Valley Gold Mines Co., 206 Cal. 609 [275 P. 418]; Turner v. Fidelity Loan Concern, 2 Cal.App. 122 [83 P. 62, 70]; Abbott v. Limited Mutual Comp. Ins. Co., 30 Cal.App.2d 157 [85 P.2d 961]; Commercial Lbr. Co. v. Ukiah Lbr. Mills, 94 Cal.App.2d 215 [210 P.2d 276]; 17 A.L.R. 454; 49 A.L.R. 673.)
 [6] If there be evidence of facts supporting an inference favorable to the judgment, the reviewing court is without power to substitute its deductions for those of the trial court. [7] If, therefore, there be room for reasonable doubt as to the sufficiency of the evidence, the doubt should be resolved in favor of the judgment. (Peterson v. Ryan, 108 Cal.App.2d 41 [238 P.2d 117].)
 The record shows that the corporation at a meeting in January, 1950, acknowledged the propriety of plaintiffs' claims in their entirety and undertook to partially liquidate them. (See Mountain States Creamery Co. v. Tagerman, 39 Cal.2d 355, 357 [246 P.2d 21].) No payments were made though a plan of liquidation was offered and rejected. Plaintiffs' services were beneficial to the conduct of the subscription campaign which was a principal business of the new corporation. [5b] It is said:
 "A corporation is liable as a party to a contract entered into by its promoters before it comes into existence, if it knowingly accepts the benefits of the contract. (Scadden Flat G. M. Co. v. Scadden, 121 Cal. 33, 38 [53 P. 440].)" (White [113 Cal.App.2d Supp. 912] v. Kaiser-Frazer Corp., 100 Cal.App.2d 754, 760 [224 P.2d 833].)
 [8] The court was justified in drawing an inference from the above evidence that the corporation, with full knowledge of the plaintiffs' claims, acknowledged them as its own.
 Pointing to the fact that the plan of liquidation was unacceptable to the plaintiffs, the defendant, The Church of the Merciful Saviour, a corporation, cites Scott v. Los Angeles Mountain Park Co., 92 Cal.App. 258 [267 P. 914], and contends that because no payments were made, or rather accepted, there was no ratification of the contract. An examination of that case indicates an entirely different issue. It was an action on a contract and the court found that the minds of the parties had not met. The law of adoption or ratification of a promoter's contract involved in this case is a totally different issue. We conclude the judgment against The Church of the Merciful Saviour, a corporation, was supported by the record. Judgments are affirmed.
 Shell, J., and Hewicker, J., concurred.
 Turrentine, P. J., and Glen, J., deeming themselves disqualified, do not participate in this opinion.